ARNOLD v. DELAWARE & HUDSON CANAL CO.

(*Supreme Court, General Term, Third Department.* May 17, 1888.)

MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to plaintiff's arm while coupling cars in defendant's employ, where plaintiff's own testimony showed that the accident would not have occurred if he had not placed his arm between the dead-woods of the cars, and that it was not necessary to place it in that position, the court properly ordered a nonsuit on the ground of contributory negligence.

Appeal from circuit court, Schenectady county; JOSEPH POTTER, Justice.

Plaintiff, Edward Arnold, a yard brakeman in the employ of defendant, while attempting to make a coupling between two box cars in the Schenectady yard, got his arm caught between the dead-woods of the two cars, and received such severe injuries as to require amputation of the arm, for which injuries he brought this action. On the first trial plaintiff had a judgment for $2,500, which was reversed by the general term. 44 Hun, 622. On the second trial, the court entered a judgment of nonsuit, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*J. H. Clute,* for appellant. *Edwin Young,* for respondent.

INGALLS, J. This is an appeal by the plaintiff from a judgment in the above action, entered after a trial at the circuit, where the plaintiff was nonsuited. The case shows that the decision of the judge at the circuit was placed upon the following ground: "The court granted defendant's motion, putting the decision on the ground solely that plaintiff was guilty of contributory negligence in putting his arm between the dead-woods." We are satisfied that the decision of the learned justice was justified by the evidence. The plaintiff, to recover, was required to establish not only that the defendant had been guilty of negligence, which caused the injury, but also that the plaintiff was chargeable with no negligence which contributed thereto. The plaintiff had no right unnecessarily to place his arm between the dead-woods, and in consequence thereof receive an injury, and then demand compensation therefor of the defendant. The plaintiff was required to exercise reasonable care and prudence, in discharging the duty which he undertook to perform. He was called upon, in view of the danger which attended the work in which he was engaged, to be attentive, and to avoid, by reasonable care and prudence, placing his arm in a position where it would be likely to receive injury. The testimony of the plaintiff is as follows: "*Question.* What did you do? *Answer.* I reached in to make the connection over the dead blocks. *Q.* How did the dead-woods on the car you were going to connect to the one to which it was backing compare with these dead-woods, on model in court? *A.* The same. *Q.* What did you do? *A.* I reached over to take hold of the link to make the connection, and I saw I could not make it, and I got my hand out as quick as I could and got caught. *Q.* Why could you not make it? *A.* I could not make it. *Q.* Was the draw-head down so you could not? *A.* Yes, sir. *Q.* The link was in which draw-head? *A.* The car that was standing still. *Q.* In reaching over, you had to go how much lower than the natural place for it? *A.* I should think about four inches. *Q.* Have you tried to reach over the dead-wood to the link in the draw-head, when the draw-head is in place? *A.* Yes, sir. *Q.* Then is it necessary to get your arm between the dead-woods to put the link in the place? *A.* No, sir. *Q.* At the time you got

hold of that link did you know whether your arm was between the dead-woods, or not? *A.* No, sir. *Q.* You took hold of it, and raised it, and saw it would not enter? *A.* Yes, sir. *Q.* How long did that take? *A.* I don't know; probably half a minute. *Q.* After you found it would not enter, how long did you hold on to it? *A.* I let go of it as quick as I could. *Q.* What else did you do? *A.* I tried to pull my arm out as quick as I could. *Q.* What was the result? *A.* My arm was caught. *Q.* What was done to it? *A.* It was smashed." This evidence was given by the plaintiff on his direct examination. He testified that it was not necessary for him to place his arm between the dead-woods; and that very act contributed directly to the injury which he received, for if he had not thus placed his arm between the dead-woods, he would not have received that injury. He fails to show any reason for placing his arm in so dangerous a position, and really gives no satisfactory excuse for his conduct in that respect. If any explanation could be given, certainly the plaintiff was the person to furnish it, as he was, presumably, familiar with the facts. It is asking too much of the court to supply the facts therefrom by presumption, and then deduce inferences therefrom favorable to the plaintiff's case. In some instances, where the action has been brought in a representative capacity to recover damages for alleged negligence by which a party had been killed, courts have gone to a considerable length in allowing slight circumstances to sufficiently explain the conduct of the deceased person, for the purpose of showing that he was not at the time of the injury guilty of contributory negligence. Such cases, are, however, exceptional, and rest upon the necessity of the particular case, arising from the death of the person who received the injury, and who, if living, could explain the circumstances. Even in such cases evidence upon that question has not been wholly dispensed with. In the case we are considering, no necessity is shown for relaxing the ordinary rule in this respect. *Cahill* v. *Milton*, 106 N. Y. 513, 516, 13 N. E. Rep. 339; *Powell* v. *Railroad Co.*, 15 N. E. Rep. 891. We are persuaded that the action was properly decided at the circuit, and the judgment must be affirmed with costs.

LEARNED, P. J., and LANDON, J., concurring.