### STEPHEN v. STEVENS et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

INJURIES TO MINOR SERVANT—STATUTORY REQUIREMENTS.

A minor under 16 years of age, whose hand was injured by coming in contact with a properly guarded buzz saw, in good condition, about which he was employed, cannot recover from his employer merely because the latter failed to comply with Laws 1886, c. 409, requiring employers to keep posted, in every room where children under 16 years of age are employed, printed notices, stating the hours of labor, together with a list of the children, their names, ages, birthplaces, and residences, and prohibiting their employment without placing on file an affidavit made by the parents, giving ages of children, since the noncompliance with such statutory requirements could not have been the cause of the injury.

Appeal from circuit court, Monroe county.

Action by Adam J. Stephen, an infant, by Frank M. Stephen, guardian *ad litem*, against James B. Stevens and another, for personal injuries sustained while in defendants' employ. From a judgment entered on a nonsuit at the circuit, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Horace L. Bennett, for appellant.

George F. Yeoman, for respondents.

MACOMBER, J.   This action was brought to recover damages for injuries received by the plaintiff upon a buzz saw while at work in the box factory of the defendants.   The plaintiff was, at the time of the infliction of the injuries, 15 years and 9 months old.   He was at this time engaged in what is known as work upon a "resaw," that is to say, upon a large buzz saw, 3 feet and 9 inches in diameter, in reslitting boards into thinner pieces.   He had previously been employed by the defendants upon another and smaller buzz saw, used for other purposes. His duties at the time of the accident were at the tail end, so to speak, of the buzz saw, and consisted in taking away the strips of lumber as they came to him.   This saw was inclosed in a heavy frame, with iron guards along the sides, running nearly to the top of the saw on each side, and extending longitudinally a little distance beyond the teeth of the saw.   Other iron guards were provided, designed to prevent contact with the teeth of the saw.   Between the end guards and the side guards, through which the two parts of the piece of slitted board passed out upon an apron at the tail of the saw, there was a space of about two inches in width.   The claim made in behalf of the plaintiff is that he put his hand through this space, between the end guards and the side guards, to pull out a piece of board which had lodged at the side of the saw.   He says that the sawyer then in control of the saw told him to do this act.   While attempting to pull out the lodged piece, he shoved the wood against the saw, where the teeth of the saw caught it and drew it back, together with his hand, upon the saw, which resulted in the cutting of his fingers.   The plaintiff, though a lad of moderate intelligence, knew that a buzz saw was a dangerous thing, and that he would get cut if he put his hand upon its teeth when in motion.

The case seems to us to be devoid of any evidence tending to show that the saw was not in good condition, or that it was not properly guarded to prevent accidents, nor is any claim to the contrary made by the counsel for the appellant.   Manifestly, therefore, there could not be any recovery against the defendants upon the ground of not furnishing reasonably safe machinery, and proper guards for this particularly dangerous piece of machinery.   Liability, however, is attempted to be made out against the defendants upon the ground that they failed to observe certain statutory requirements pertaining to factories.   Reference is made to chapter 409 of the Laws of 1886, and the several amendments thereto, requiring employers to keep posted, in every room where children under 16 years of age are employed, printed notices, stating the hours of labor required, together with a list of the children, and their names and ages, with the birthplaces and residences of all such children employed, and prohibiting the employment of such children without procuring and placing on file an affidavit made by the child's parents, stating the age and date of birth of such child; and providing, also, that no such child, who cannot read and write simple English sentences, shall be employed

in manufacturing establishments, excepting during a vacation of the public schools in the place where such child resides. Because some or all of these things were not observed by the defendants, it is contended that a recovery may be had in this action, although counsel fairly enough concedes that the omission to observe these statutes is by no means conclusive evidence of negligence on the part of the employers. The prevailing fallacy of the position assumed by counsel is that in some way or another the omission to observe these statutory requirements had a tendency to bring about the accident complained of. But this, manifestly, is not so. There is no relationship of cause and effect between the omission to observe these statutes and the infliction of the injuries upon the plaintiff. Had the defendants been guilty of not observing any statutory requirements providing that buzz saws, or any other dangerous machinery, shall be properly guarded, and an injury resulted from the omission to place such guards around the dangerous machinery, a case might be made out, where the omission to observe the statute led to the casualty. But not so with the provisions of the statute above mentioned. No inference can be derived that the omission to observe them contributed in any respect to the production of the plaintiff's injuries. Such was the doctrine of the case of Briggs v. Railroad Co., 72 N. Y. 26. The plaintiff's injuries resulted from his own want of care. And even if it be true, as it is contended, that a fellow workman told him to put his hand into the dangerous spot, the defendants would not be liable for the damages resulting from such foolhardiness, for responsibility for the accident was but divided between the plaintiff and a coemploye. These views lead to an affirmance of the judgment.

Judgment appealed from affirmed. All concur.