(4 Misc. Rep. 160.)

## HOEHMANN v. MOSS ENGRAVING CO.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. INJURY TO EMPLOYE—ELEVATOR—DEFECTIVE CONSTRUCTION.

In an action by an employe of defendant for injuries received on an elevator in defendant's place of business, it appeared that the elevator was an open platform, running in a shaft consisting of four posts, extending from the cellar to the roof, and stiffened at intervals by cross-ties extending from one post to another, so that when the elevator passed there was an inch of space between the tie and the platform, as there was between the platform and the sides of the hatches on the different floors. Plaintiff's foot was crushed between the platform and one of the cross-ties while he was riding on the elevator, which was intended and regularly used for carrying freight only. There was no evidence that such elevators were usually sheathed, and this one had been used for eight years, and no accident had occurred. *Held,* that defendant was not negligent in having an elevator of that construction.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a boy 14 years of age, was told by defendant's shipping clerk to go downstairs and help the elevator man in moving some boxes. He helped the man put them on the elevator, and then, on the latter's suggestion, got on the elevator to ride up. He had ridden on it before, but nevertheless allowed his foot to project over the platform, which resulted in its being caught and crushed. He could have gone up on the stairs, and was not told by any one in authority to ride on the elevator, which was evidently intended for freight only. *Held,* that plaintiff was guilty of contributory negligence.

Appeal from trial term.

Action by Charles A. Hoehmann, by Ernest Hoehmann, guardian ad litem, against the Moss Engraving Company. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals   Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Henry M. Russell, (Charles Steels, of counsel,) for appellant.
Marshall P. Stafford, for respondent.

BOOKSTAVER, J.   This action was brought to recover damages for the alleged negligence of the defendant, whereby the plaintiff, a youth of 14 years, in its employment, was injured.   The defendant was engaged in the engraving business at the northwest corner of Elm and Pearl streets in this city.   The plaintiff was in its employ as an office boy, and had been so engaged during the preceding summer.   In the building was an elevator, used for the purpose of hoisting freight, and which had been in continuous use for more than eight years without accident.   This elevator consisted of a flat platform, open on all four sides, supported on each corner by upright rods, which were gathered together over the top and attached to a rope, which hoisted or lowered it as required.   The form was that in general use.   The elevator shaft consisted of four posts extending from the cellar to the roof, and was stiffened at intervals by cross-ties, about 3 to $3\frac{1}{2}$ inches thick, from one of these uprights to the other, so that when the floor of the elevator passed them there was about an inch of space between the tie and the platform.   On the 12th November, 1890, the plaintiff was under the direction of Mr. Hull, defendant's shipping clerk, and was directed by him to go downstairs and give Ray (the elevator man) a "hand with the boxes," meaning pasteboard hat boxes which were on the sidewalk.   This the plaintiff afterwards explained he understood to mean that he should help Ray put them on the elevator.   When he had done this, he undertook to ride up on the elevator with the boxes with his heel projecting over the elevator platform.   As it rose, his heel struck against one of the ties in the elevator shaft, whereby it was severely injured, and it is to recover for these injuries that the action was brought.   When plaintiff rested, the defendant moved to dismiss the complaint, on the ground that plaintiff had failed to establish any negligence on the part of the defendant, and by his own showing was himself guilty of negligence.   This motion was renewed when the case was closed, but both motions were denied, to which defendant excepted.

It is undoubtedly the duty of the master to furnish reasonably safe machinery and appliances, but he is not bound or required to use the latest and most approved appliances.   Burke v. Witherbee, 98 N. Y. 562; Carlson v. Bridge Co., 132 N. Y. 273, 30 N. E. Rep. 750; Stringham v. Hilton, 111 N. Y. 188, 18 N. E. Rep. 870; Kern v. Refining Co., 125 N. Y. 50, 25 N. E. Rep. 1071.   The elevator was made solely for hoisting freight.   That employes had sometimes used it to ride up or down on it does not alter that fact.   Morris v. Brown, 111 N. Y. 318, 18 N. E. Rep. 722.   A mere inspection of the apparatus showed that it was intended for a freight, and not a passenger, elevator, as all the witnesses in this case agree.   The elevator, shaft, and appliances were all of the kind in common and ordinary use as freight elevators at the time it was constructed; and for the

purposes for which it was intended it was safe and suitable for such use, and there is no claim made in this case that it was out of repair in any respect. No accident had happened on it before, although it had been in use for eight years. In many respects this case is similar to Riordan v. Steamship Co., (Com. Pl. N. Y.) 11 N. Y. Supp. 57, where we held that it was not negligence to use such an elevator as the one under consideration, and that the submission of such a question to the jury was error; which was afterwards affirmed by the court of appeals, 26 N. E. Rep. 1027. The only negligence which the plaintiff claims is the failure to have the entire elevator shaft sheathed or boarded, so as to present a uniformly smooth surface; or to have had a beveled strip of timber placed under the tie, so that, if anything struck against it, it would be pushed towards the center of the platform. The existence of the tie itself is not complained of, for it was necessary to stiffen the structure, and was the usual mode of construction. There was no evidence offered to show that it was necessary or customary to have such elevators sheathed; on the contrary, all the testimony was directly to the opposite of this. Such sheathing would have made it impossible to have handled goods, except on some side left unsheathed, which would have greatly interfered with its use for the handling of goods. Besides, it was evidently intended only for a freight elevator, and there was no difficulty whatever in so placing the freight that it could not come in contact with the ties or with the floors. As to the beveled piece beneath the tie, it is extremely doubtful whether it would have been of any service if placed there, and was certainly unnecessary for the purposes of a freight elevator. In Boehm v. Mace, 18 N. Y. Supp. 106, this court had to deal with a case almost identical. The action was brought for injuries sustained by the plaintiff by having his foot and leg cut by the side of the freight elevator and a projecting beam or moulding on the side of the elevator shaft. The negligence charged in the complaint was the absence of guard rails upon the elevator, and on the trial it was insisted that there was negligence on the part of the defendant in not having the elevator shaft sheathed, as the plaintiff claims should have been done in this case. The court held that the defendant was under no obligation to have the shaft sheathed, and the mere fact that the plaintiff's foot was caught between the side of the car and the projecting floor beam on the side of the shaft, which could not have happened if the shaft had not been boarded in, was no evidence of negligence. Even if the failure to sheathe the shaft could be deemed any evidence of negligence, it evidently had nothing to do with the accident in this case. The platform of the elevator had a play of an inch between it and the sides of the hatch on the different floors. The edge of the hatch and the cross beam against which the plaintiff struck his heel was on the same perpendicular line, and the elevator car would thus pass them both without striking or touching. The defendant's expert, Schultz, says he measured the distance or play between the edge of the car and the beam,

and it was one inch. Consequently the car would necessarily pass free, and clear of both beam and hatchway. It is plain, therefore, that the accident was not due to the location of the tie, for the plaintiff's foot would have been caught by the edge of the hatchway even if the tie had not been there. And if there had been a beveled piece placed beneath it, and the heel had stuck over far enough to have been caught on the edge of it, a still more serious injury might have resulted, because the edge of it would have been sharper than the square tie. The only thing that could have prevented the accident would have been a board or guard around the elevator platform which would have rendered it impossible for anything to project over the edge; but this was not admissible, for it is requisite in a freight elevator that all four sides be open in order to permit freight being readily put upon it.

Again, nothing had ever occurred to lead the defendant to suppose that there was any danger in using the elevator as it was. As before said, the elevator and shaft were in good repair, and in perfect order, as they were constructed. They had been used as they were at the time of the accident for several years. It had gone up and down many times, and no one had ever been injured before this accident. No elevator is constructed in such a manner that it could not possibly be made safer, but it is a well-settled rule of law that in determining the proposition whether or not the use of a particular machine was negligence, the question must be viewed from the standpoint of what was known at the time of the occurrence, and not from what was discovered after an accident took place. Dougan v. Transportation Co., 56 N. Y. 1; Cleveland v. Steamboat Co., 68 N. Y. 306; Loftus v. Ferry Co., 84 N. Y. 455; Stringham v. Hilton, supra; Lafflin v. Railroad Co., 106 N. Y. 136, 12 N. E. Rep. 599. As was well said in Burke v. Witherbee, supra:

"Under such circumstances, can the defendants be charged with negligence? Were they bound to know more than every one else? Ought they to have perceived danger that was not visible to any one else, and which those whose lives were most exposed were not sufficiently wise or vigilant to foresee? It is a mistake for one to take his stand after an accident, and to impute responsibility from a view thus obtained. It is nearly always easy, after an accident has happened, to see how it could have been avoided."

There was a good deal of conflict in the evidence as to whether or not the defendant had notices posted on the elevator doors, and throughout the building, forbidding employes to ride on this elevator. The most that plaintiff's witnesses say is that they did not see the notices, while some of the defendant's witnesses swear positively that they had been there for years. But whether there were notices there or not, it was clear to the intelligence of any one, even a boy of 14 years of age, that this was constructed and used as a freight elevator only, and that if he went upon it he went in a position of danger. The plaintiff's excuse for going upon it was that he was told by the elevator man, Ray, to jump on. He does not say that any one else directed him to go on the elevator. As before mentioned, he says that he understood Mr. Hull's order to mean merely that he was to help Ray put the boxes on the elevator. Ray

was a mere coemploye, and his direction to jump on cannot bind the defendant. Stephen v. Stevens, (Sup.) 21 N. Y. Supp. 721. Again there was no necessity for plaintiff to ride on the elevator. He could have gone up the stairs, which he testified he was accustomed to use. He had never ridden up on the elevator before. We think it clear, therefore, that no negligence was shown on the part of the defendant, and that the complaint should have been dismissed on this ground. We also think from the testimony that the plaintiff himself was guilty of negligence in using the elevator as he did. It was clearly a freight elevator. He chose to ride upon it, notwithstanding it consisted only of a platform with four uprights. He had ridden down on it before, and must or should have noticed the construction of the shaft, which was open and manifest to the most casual inspection. If there was danger in its use, he should have seen it. Besides, had he kept his foot inside of the platform, instead of allowing it to project over and into the shaft, his foot would not have been caught, and he would not have been injured, as there was at least an inch of space between the edge of the car and the tie. It is dangerous for a person to ride with any portion of his body projecting beyond the edge of a platform of any elevator car, freight or passenger; and this has been held to be negligence per se. Holbrook v. Railroad Co., 12 N. Y. 236; Dale v. Railroad Co., 73 N. Y. 468; Hallahan v. Railroad Co., 102 N. Y. 194, 6 N. E. Rep. 287; Breen v. Railroad Co., 109 N. Y. 297, 16 N. E. Rep. 60. The plaintiff admits that his foot projected out, otherwise he could not have got hurt. With ordinary care and observation, plaintiff could have observed the danger, and have avoided it. Consequently, failing to do so, he cannot recover for the injuries sustained. Williams v. Railroad Co., 116 N. Y. 628, 22 N. E. Rep. 1117. The rule is that plaintiff is required to establish not only that defendant was guilty of negligence which caused the injury, but also that plaintiff was chargeable with no negligence which contributed thereto. Arnold v. Canal Co., (Sup.) 1 N. Y. Supp. 409. When the circumstances point as much to the negligence of plaintiff as to its absence, a nonsuit shall be granted. Wiwirowski v. Railway Co., 124 N. Y. 420, 26 N. E. Rep. 1023. It was not necessary for plaintiff to ride on the elevator, and he was not told to do so by any one having authority to direct him in the matter. The mere invitation of a coemploye was not sufficient to relieve him from the exercise of care on his part. There were stairs for the employes to go up and down. If plaintiff chose, at the invitation of a coemploye, or for his own pleasure or convenience, to ride on the elevator, he did so at his own risk, and cannot charge the accident resulting therefrom to the defendant. Swenson v. Iron Ore Co., (Com. Pl. N. Y.) 6 N. Y. Supp. 520; O'Brien v. Steel Co., 100 Mo. 182, 13 S. W. Rep. 402. But it is claimed that there was not room enough for the defendant's feet to be placed wholly on the platform; that the boxes were so arranged upon it that there were only two or three inches space around the edge where one could stand. If this was so, then he should not have taken the position at all be-

cause it was manifestly dangerous to the most casual observer. Again, if this were the fact, and it were intended that plaintiff should ride upon the platform, then it was negligence for him and his coemploye to so place the boxes that there was no room for him to stand. Provision should have been made by him and his co-employe for a safe place to stand if it was intended to use the platform in going up. But the plaintiff cannot recover for his own negligence, nor even for the negligence of his coemploye in this respect. It is claimed that the plaintiff was a youth of 14 years of age, and should not be held to that degree of care that a man of mature years is held. This is true within certain limits; but we think in this case the danger was so open, manifest, and palpable that even a youth of 14 years of age should have observed it. Having arrived at these conclusions, it is unnecessary to examine the other alleged errors in this case, as the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.