(5 Misc. Rep. 301.)

### MILLIE v. MANHATTAN RY. CO.

(Common Pleas of New York City and County, Trial Term. October, 1893.)

1. NEGLIGENCE—DANGEROUS PREMISES—RES IPSA LOQUITUR.
> The mere fact that the rubber covering on the stairs of defendant's elevated railroad station was out of repair and caused plaintiff to fall, without any evidence that the defective condition of the stair existed

before the accident, is not sufficient to charge defendant with want of ordinary care in respect to the stairs, and therefore the maxim "res ipsa loquitur" does not apply.

**2. SAME—EVIDENCE.**

In an action for injuries caused by falling down the stairs of defendant's elevated railroad station, plaintiff's evidence merely showed that she caught her heel on one of the steps and fell, and that after her fall the rubber covering on one of the steps was observed to be loose; but no witness saw her trip on the rubber, and there was no evidence as to its condition before the accident. *Held,* that the complaint would be dismissed for want of proof that defendant was negligent.

Action by Lena Millie against the Manhattan Railway Company to recover damages for personal injuries caused by falling down the stairway of defendant's elevated railroad station. Defendant moves to dismiss the complaint on plaintiff's evidence. Granted.

Roger Foster, for plaintiff.

Edward B. Thomas, for defendant.

PRYOR, J. Gentlemen, I have carefully considered the very interesting and able briefs with which you have favored me on the motion to dismiss the complaint, and I proceed to announce my decision. The evidence is sufficient to authorize an inference by the jury that a defect existed in defendant's stairway. The question upon the motion to dismiss is whether the proof would warrant the jury in finding that the existence of the defect was due to the negligence of the defendant, and that the defect was the cause of the plaintiff's mishap.

1. Since every man is presumed to discharge his duty, it results that whoever asserts negligence of another must prove the fact, and must prove it by a preponderance of evidence. But there are cases in which the maxim "res ipsa loquitur" applies,—that is to say, in which the very occurrence itself imports negligence. The specific question here is whether the occurrence in controversy carries with it an imputation of negligence against the defendant, with the effect of imposing upon the defendant the burden of repelling this prima facie presumption of negligence. A contractual relation subsisted between the plaintiff and the defendant. She was a passenger on the defendant's train, and the defendant, as carrier, engaged to afford her a safe exit from the train, so far as ordinary care and caution would suffice to provide such exit. Moreover, the defendant had exclusive control of its stairway. True, passengers had access to the stairway, just as they had access to the cars; but this circumstance no more deprived defendant of the control of its stairway than of its cars. The evidence, I assume for the moment, authorizes the inference that the rubber covering on a step of defendant's stairway was in such a condition of disorder and disrepair as might be the occasion of a fall by a passenger stepping upon it or over it; it might cause him to trip. This insecure and unsafe condition of the stairway would involve an imputation of negligence in the defendant, provided the defendant knew, or ought to have known, its condition. If the defendant neither knew, nor by the exercise of ordinary care would have known, the condition of the

stairway, that condition, of itself, would be unavailing to convict the defendant of negligence. The defendant was not an insurer of the safety of its stairway. There being no intimation that the defendant actually knew the condition of the stairway, the question is whether anything in the evidence would authorize the jury to infer that by the exercise of ordinary care the defendant might have ascertained that condition. No positive proof is given that the insecure condition of the stairway had existed so much as a single minute before the accident. There must have been a time when the insecure condition of the stairway commenced; but, for aught apparent in the evidence, it commenced the moment the plaintiff was descending. Nay, it may be that her step dislocated the rubber. It may be answered that, if so, then the rubber was at the moment insecurely fastened to the step. Granted; and still the question recurs, how long had the insecurity in the attachment of the rubber to the step continued? The jury might answer by guess or surmise or conjecture; but nothing in the evidence, I repeat, would authorize them to assign any definite time to the occurrence of the insecurity in the stairway. The rubber may have been insufficiently fastened in the first instance, or have become loose by the intervention of disconnecting agencies, but as to what was the actual cause or time of the insecurity in the rubber the evidence is utterly silent and insignificant. The maxim, then, "res ipsa loquitur," does not apply to the case. The accident itself is not significant of negligence in the defendant. Is the contrary proposition established by authority? It is settled law that where a passenger, in actual process of carriage, sustains an injury by an accident in transportation, that accident itself is sufficient prima facie proof of negligence. The "rule proceeds upon the ground that the carrier is bound to exercise the greatest care and diligence in everything that concerns the safety of the passenger," (Baltimore, etc., R. Co. v. State, 63 Md. 135;) but such is not the measure of care and diligence exacted of the defendant in the present instance. So, also, it is held that where a person passing along a public street sustains injury by being struck with a substance thrown or falling into the highway, or by the tumbling down of a ruinous building, the maxim "res ipsa loquitur" applies. Mullen v. St. John, 57 N. Y. 567; Vincett v. Cook, 4 Hun, 318; Volkmar v. Railroad Co., 134 N. Y. 418, 31 N. E. Rep. 870; Woodman v. Railroad Co., 149 Mass. 335, 21 N. E. Rep. 482. But these cases go upon the theory that the injurious thing was intrinsically and imminently dangerous, in the nature of a nuisance, especially in proximity to a thoroughfare, and that therefore it is incumbent on the defendant to show that at the time of the accident he was in the exercise of reasonable care. Railroad Co. v. Locke, 112 Ind. 404, 14 N. E. Rep. 391. The principle of that class of cases is obviously inapplicable to the present. The rule "res ipsa loquitur" is propounded in still another form, and upon another principle, namely:

"When the thing causing the injury is shown to be under the control of the defendant, and the accident is such as, in the ordinary course of business, would not happen if reasonable care was used, it affords, in the ab-

sence of explanation by the defendant, sufficient evidence that the accident arose from want of care on his part." Breen v. Railroad Co., 109 N. Y. 297, 16 N. E. Rep. 60.

In the present case the "reasonable" care required of defendant was ordinary care, and that care was to be exercised in discovering and repairing the defect in the stairway. Upon the facts before me it is impossible to say that ordinary care would have disclosed the defect before the accident; for non constat but that the defect developed the instant before the accident. In other words, it is impossible to say that, despite reasonable care, the accident would not probably have occurred. Had the utmost care been required of defendant, as in running its trains, then probably such a degree of care would have prevented the casualty, and so its occurrence might argue the absence of such care. But who can affirm that ordinary care would have intercepted the accident in controversy, that it would not probably have occurred if such care had been observed? The occurrence of the casualty is plainly consistent with the exercise of reasonable care to prevent it,—that is, reasonable care to discover and repair the defect in the stairway; and so the occurrence of the casualty affords no presumption of the want of such care. Adjudged cases support the proposition that the accident in question does not, of itself, authorize a presumption of negligence. In Le Barron v. Ferry Co., 11 Allen, 312, held, that proof of injury, and the failure of the ferryboat company to supply a safe and sufficient drop over which to pass, did not of itself raise a presumption of negligence against the company. In Searles v. Railroad Co., 101 N. Y. 661, 5 N. E. Rep. 66, held, that the fact that a person on the street is injured by the fall of a red-hot cinder from the locomotive of an elevated railroad is not sufficient to establish a prima facie case of negligence against the company. In Kendall v. Boston, 118 Mass. 234, held, that proof of an injury received from the fall of a bust placed in a concert hall as a decoration was not sufficient to establish the defendant's negligence. Since, apart from the import of the accident itself, no evidence of defendant's negligence is adduced, plaintiff's case fails in an indispensable element.

2. But waiving this objection, and supposing competent evidence of a negligent defect in the stairway, there is no sufficient proof that it was the cause of plaintiff's injury. "Nor are judges any longer required to submit a question to the jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. * * * The preliminary question of law for the court is not whether there is literally no evidence, but whether there is any that ought reasonably to satisfy the jury that the fact sought to be proved is established." Dwight v. Insurance Co., 103 N. Y. 359, 8 N. E. Rep. 654. Again: "Where the circumstances point as much to the absence, as to the presence, of negligence, or point to neither, the plaintiff fails to sustain his burden of proof." Cordell v. Railroad Co., 75 N. Y. 330. Again: "It is for the plaintiff to show how the

accident occurred, and to prove negligence of the defendant in respect to the thing that caused it." Dobbins v. Brown, 119 N. Y. 189, 23 N. E. Rep. 537. Again: "Where an event takes place, the real cause of which cannot be traced, or is at least not apparent, it ordinarily belongs to that class of occurrences which are designated as purely accidental; and in a case like this, where the plaintiff asserts negligence, he must show enough to exclude the case from the class of accidental occurrences." Railroad Co. v. Locke, 112 Ind. 404, 14 N. E. Rep. 391. Again: "Where there is no evidence upon an issue, or the weight of evidence is so decidedly preponderating in favor of one side that a verdict contrary to it would be set aside, it is the duty of the trial judge to nonsuit or direct a verdict, as the case may be." Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. Rep. 342.

With these familiar principles in mind, let us inquire by what evidence the plaintiff supports the proposition that the defect in the stairway caused her injury. Her contention is that the disordered and insecure condition of the rubber on a particular step caused her to trip and fall; but the proposition is not supported by a particle of direct or positive testimony. In reply to the question, "Do you mean to say that you saw her trip on the rubber that you found afterwards to be loose?" the witness said, "No, sir; I did not see that," and in answer to plaintiff's counsel the witness said that when she fell he could not see her foot. Thus, the witness did not testify, and was unable to testify, that she tripped upon the dislocated and protruding rubber; in other words, he did not state, and was unable to state, that the cause assigned for her fall was, in fact, the occasion of her fall. What, then, is the proof that the cause assigned was actually the occasion of her fall? The fact is matter of inference, merely, and by this process of reasoning, namely: Because the rubber was loose and protruding after the plaintiff's fall, the inference is that it was loose and protruding before her fall; and, because the rubber was thus inferentially insecure and dangerous, the further inference is deduced that the plaintiff stepped upon it, and so sustained her injury. This will never do. So far is it below the dignity of legal evidence that it amounts to no more than fantastic surmise and speculation. A presumption must be based upon a fact, and not upon inference or upon another presumption. Lawson, Pres. Ev. 569. In this connection but a single substantial fact appears in the testimony, namely, that upon some step of the stairway the plaintiff caught her heel, tripped, and fell; therefore, it was there before her fall. Inferentially, it was there before the accident; therefore, inferentially, it was there before the accident a sufficient length of time to fix on the defendant a charge of negligence in not discovering and repairing it. Inferentially, it was on the fifth, or sixth, or seventh step; therefore, it was on the step upon which the plaintiff planted her foot; and if so, then, inferentially, she planted her foot on the specified dangerous spot, and so sustained her injury. Such a concatenation of arbitrary inferences no court can recognize as of the validity of that proof which the law requires as the indispensable foundation of a verdict.

On the former trial, with doubt as to the propriety of the ruling, I allowed the case to go to the jury upon the authority of Volkmar v. Railroad Co., (N. Y. App.) 31 N. E. Rep. 870. I had not then opportunity to examine that authority, nor to consider the evidence deliberately. I have now gone over the stenographer's minutes on the essential point, and have collated the decision in Volkmar's Case with other adjudications. My clear conclusion is that I should commit legal error were I to submit the case to the jury upon the evidence before me. Motion granted, and complaint dismissed.