(9 Misc. Rep. 8.)

### GULIANO v. WHITENACK.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

NEGLIGENCE—QUESTION FOR JURY.

 In an action for negligence, if there be any doubt as to the facts established by the evidence, or as to the inferences from the facts, the case must go to the jury. Bookstaver. J.. dissenting.

(Syllabus by the Court.)

Appeal from trial term.

Action by Antonio Guliano against John H. Whitenack for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

For former report, see 22 N. Y. Supp. 560.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Smith & Dougherty (J. Hampden Dougherty, of counsel), for appellant.

Joseph Wamsley, for respondent.

PRYOR, J. In connection with a building he was erecting, the defendant constructed an oven, into which, when it was about completed, he directed the plaintiff to enter for the purpose of cleaning out the sand. It collapsed, and crushed the plaintiff; and, for the injury so sustained, he prosecutes the action.

With seeming confidence, the defendant imputes error to the court in refusing to dismiss the complaint. But upon what ground? Surely not because the proof of his negligence was insufficient to carry the case to the jury. Not such was counsel's opinion on the development of the evidence at the trial; for he then said: "It would be a question for the jury whether it was negligent construction or not, connecting the oven with the post that caused this oscillation." And, indeed, defendant's own testimony left no alternative but to submit the issue to the jury. He disclosed the agency by which the oven collapsed, saying: "The cause of the break, to the best of my knowledge, was the post of the Elevated Railroad standing against the corner of the oven, and shaking it. All the stones shook onto it." And, again: "Its giving way I could only attribute to two things. One was the cement and plaster was no good, and the other was that hammering of the post." The defendant had been working there before the oven was built; and he confessed that "during that time I felt the vibration,—the vibration of the Elevated Railroad,—but did not think there was enough to do any harm. I subsequently found that it did;" and yet, with this knowledge of the vibration of the pillar, he so placed the oven that it was "hammered" to pieces. Obvious and easy was the escape from the peril of which plaintiff was the victim. When the oven was rebuilt, "it was rebuilt so that it did not touch the post, with a short interval between." Thus, that the caving in of the oven was the effect of its ill construction the defendant concedes, and that its bad construction was the result of negligence is equally apparent on his testimony; for what man of ordinary prudence, aware of the vibration of the pillar under the incessant movement of the trains, would have so placed the oven as to subject it to the impact of the disintegrating agency? That the consequence was within the range of reasonable apprehension, and might have been averted by the slightest effort, it is idle to gainsay. Beyond all question, the evidence required the submission of the issue upon defendant's negligence to the jury, and is sufficient to sustain their verdict. "If there is any doubt, however slight, either as to what facts of negligence are established by the evidence, or as to the conclusion in respect to the fact of negligence that may be drawn legitimately from the circumstances proved by the average of men of common sense, ordinary experience, and fair intentions, the case should not be taken from the jury." Bills v. Railroad Co., 84 N. Y. 5, 10. Nor, may we, upon our estimate of the probative force of the evidence, so encroach on the function of the jury as to nullify a verdict not manifestly destitute of support. Nelson v. Rail-

road Co., 7 Misc. Rep. 656, 28 N. Y. Supp. 50. Equally untenable is the position that no proof was given of plaintiff's freedom from contributory negligence. He was a common laborer, not a mason ·or bricklayer, and he had done no work on the oven. Thus ignorant of its insecurity, he was ordered into it by the defendant; and obedience to the command of his master absolved him from the imputation of negligence. Kranz v. Railway Co., 123 N. Y. 1, 5, 25 N. E. 206; Doyle v. Baird (Com. Pl. N. Y.) 6 N. Y. Supp. 517; Stuber v. McEntee (N. Y. App.) 36 N. E. 878; Connolly v. Poillon, 41 Barb. 366. The record discloses no error; and the judgment should stand. Judgment and order affirmed, with costs.

BISCHOFF, J., concurs.

BOOKSTAVER, J. (dissenting). This action was brought for damages for injuries sustained by the plaintiff while in the defendant's employment. The plaintiff, in accordance with defendant's directions, entered an oven or vault built beneath the sidewalk in order to remove the sand which had served as a support, and also as a pattern for the arched roof of the vault while in process of construction. While he was so engaged, the structure collapsed, and he suffered the injuries complained of. The only witnesses called were the physicians who treated him at the hospital, and who testified to the nature and severity of his injuries, and the length of time he was in the hospital, and the defendant, who testified chiefly to the method of constructing the oven, and to its material, shape, and dimensions. When plaintiff rested, and also when all the evidence was in, the defendant moved that the complaint be dismissed, upon the ground that no case had been made out against him, which was denied, and he thereupon duly excepted to the refusal. After the jury rendered this verdict, he in due time also moved for a new trial on the minutes.

I do not think the judgment can be sustained, for the reason that there was no affirmative evidence given to show the plaintiff's freedom from contributory negligence, nor do the circumstances of the accident warrant such an inference. The record is barren of any evidence to show how the plaintiff proceeded to remove the sand. It may be that he used an iron bar or some other implement to loosen the sand (which was packed hard, to serve as a support and shape for the superincumbent masonry), and was so careless that he disturbed the foundations or displaced some of the bricks of the arch,—a structure well known to be little calculated to resist pressure or impacts from below. Furthermore, I think there was error in instructing the jury. The defendant's attorney said, in the course of the charge:

"I suppose your honor will also charge them that the mere fact that this oven fell in would not warrant the jury in assuming that there was any fault on the part of the defendant in its construction, or any negligence upon his part." The Court: "I shall charge the jury, with respect to that, that the falling of the oven after it was completed calls upon the defendant for an explanation as to the way it was constructed."

This is equivalent to saying that the fact that the oven fell threw the burden of disproving negligence in its construction upon the defendant. It is true that there are numerous cases in which it has been held that the mere happening of an accident has raised a presumption of negligence on the part of the defendant. Many of these are cases where one passing along the street has been injured by the fall of objects from adjacent or overhanging structures; as in Mullen v. St. John, 57 N. Y. 567, by the fall of the building itself; or in Morsemann v. Railway Co. (Com. Pl. N. Y.) 10 N. Y. Supp. 105, by the fall of a crowbar from the elevated structure; or in Cahalin v. Cochran, 1 N. Y. St. Rep. 583, by the fall of a chisel from a building upon which work was being done. See, also, English cases cited in Mullen v. St. John, supra, in which the same ruling was made in cases where a brick fell from a railway bridge over the highway, or a barrel from a shop window, or bags of sugar from a warehouse. All the above decisions may be referable, more or less, to the principle of nuisance. Another class of cases in which this doctrine of res ipsa loquitur has been applied is against common carriers, as, in Wilkie v. Bolster, 3 E. D. Smith, 327, explosion of a lamp in an omnibus. See, also, cases cited in Thomp. Carr, pp. 211, 212. But these again proceed upon the ground of the peculiar relation between passenger and carrier. Other cases, not falling within either of the above categories, may be found; but in all of them, so far as I have been able to discover, the facts of the accident have been such as to exclude any reasonable inference that the plaintiff's own negligence could have contributed to the injury. To apply the rule in the present case would necessitate two presumptions against the defendant,—that of his own negligence and the plaintiff's care. The language in Dobbins v. Brown, 119 N. Y. 188, 23 N. E. 537, seems applicable to this case:

"Neglect must be proved either by direct evidence or the proof of facts from which the inference of negligence can be legitimately drawn by the jury. It cannot be supported by conjecture or surmise, but must be made referable by proof to some specific cause or defect. It has been held that the mere fact that an accident occurred which caused an injury is not generally, of itself, sufficient to authorize an inference of negligence against a defendant. * * * There were other ways in which the accident might have occurred [meaning other than in accordance with the theory advanced by the plaintiff], which are not sufficiently negatived or contradicted by the evidence."

And in this connection it is significant, when the case was so barren of evidence as to the cause of the accident that the plaintiff himself was not produced or sworn, he must have known all about the circumstances of the accident, or at least all about his connection with it, and could have removed all doubt as to his contributory negligence, if such were the fact; and, under such circumstances, the jury ought not to have been allowed to speculate as to its cause. See Millie v. Railway Co., 5 Misc. Rep. 301, 25 N. Y. Supp. 753. But, aside from the above considerations, the facts testified to concerning the contact between one corner of the walls of the oven and a part of the elevated railroad were scarcely sufficient to make a question for the jury as to whether there was negligence in the construction. The defendant admitted that he was aware of the vibration of the post, but denied that he was aware of any danger arising therefrom.

He testified that it was a custom of builders to erect walls in contact with the pillars and foundations of the elevated railroads, and that never before had he known of any instance where walls had been affected by such contact. From the fact of this and other similar subsequent occurrences, it was conjectured that the constant jarring caused by passing trains may have prevented the proper setting of the cement and mortar in the arch, so that the structure became unsafe. This is only conjecture even now, but, if an established fact, the conclusion would not be different upon the evidence given. It is easy to be wise after the event, but the question of negligence must be viewed from what was known at the time of the occurrence, and not from what is discovered after an accident has taken place. Hoehmann v. Engraving Co. (Com. Pl. N. Y.) 23 N. Y. Supp. 787; Loftus v. Ferry Co., 84 N. Y. 455; Lafflin v. Railroad Co., 106 N. Y. 136, 12 N. E. 599; Kelly v. Railroad Co., 109 N. Y. 44, 15 N. E. 879. The judgment should therefore be reversed, and a new trial ordered, with costs to abide the event.