SCHOLTZ v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. October 27, 1905.)

1. CARRIERS—INJURIES TO PASSENGERS—NEGLIGENCE—STATION PLATFORM.
   The existence of an obstruction over which a passenger falls upon a station platform is not, in the absence of evidence or of something about the obstruction itself to indicate the length of time during which it was on the platform, or the cause of its presence there, sufficient to charge the railroad with negligence.
   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1285.]

2. SAME—DUTY TO REMOVE OBSTRUCTIONS.
   A railroad's duty towards passengers with respect to obstructions on a station platform is to use reasonable care not to permit the station to become dangerous through the presence of such obstructions after a reasonable opportunity to discover and remove them has elapsed.
   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1142.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Abraham Scholtz against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

George R. Coughlin, for appellant.
Edwin T. Taliaferro, for respondent.

BISCHOFF, J. Unless we are to affirm that conjecture may supply what the proof omits, and that surmise or suspicion may serve for a probative inference, we cannot uphold the plaintiff's recovery upon this record. A passenger upon the defendant's railroad, he alighted at its City Hall station and followed several other persons upon the station platform; but in the course of his progress he was caused to fall because of an obstruction in his path. The obstruction was an iron gate, some two feet square and two inches thick, which was lying upon the platform, but which had, so far as appears, no sensible connection with the equipment of the defendant's trains or station premises. This was all, but the judgment appealed from declares the presence of the obstruction to have indicated a breach of the defendant's duty to use ordinary care for the safety of the passenger who was thus injured. We look in vain, however, for any circumstance to suggest that the defendant did omit reasonable prudence. This is not a case where the defect—the physical cause of the injury—bore an indication of its continued presence for an appreciable interval of time. The article itself, in view of its size, weight, and form, told no story of difficulty—hence of time—in its movement toward or placing upon the platform; and, conjecture aside, there is no room for a mental process to define an interval during which reasonable prudence could or should have been at work to protect this plaintiff from this particular hazard. The obstruction may have been placed or suffered to remain upon the platform by a servant of the defendant, or it may have been carried and thrown down by a fellow passenger of the plaintiff a moment before he reached the place of his injury. Either contingency is possible, each is founded in conjecture, and neither is to be preferred as a matter of lawful inference.

If it be said that there was proof of negligence in the watchman's failure to see this obstruction, it must be supposed that there was something to see in time to act upon what was seen. The watchman saw no obstruction before the train came in; but to infer negligence from this is to premise that the article was there then, not just afterwards, and of this there is no proof. With or without a watchman, the defendant's duty was to use reasonable care not to permit the station to become dangerous through the presence of an obstruction, after a reasonable opportunity to discover and remove it, and the failure to remove something, which was not in fact seen, would necessarily take its character as a negligent act only from the duration of the opportunity to make the removal. The point involved has been directly adjudicated, and there is no ground for distinction, in principle, between the case at bar and the authorities which we may cite. Benson v. Railway Co., 31 Misc. Rep. 723, 65 N. Y. Supp. 271; Millie v. Railway Co., 5 Misc. Rep. 301, 25 N. Y. Supp. 753; Id., 10 Misc. Rep. 734, 31 N. Y. Supp. 801; Idel v. Mitchell, 158 N. Y. 134, 52 N. E. 740.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.