Sinker, Davis & Company *et al. v.* Kidder.

No. 14,206.

## SINKER, DAVIS & COMPANY ET AL. *v.* KIDDER.

WARRANTY.—*Breach of.—Partners.—Damages.—Action.—Practice.—*Where a steam boiler is sold with an express warranty to a firm composed of two partners, and there is a breach of the warranty after one of the members of the firm has sold his interest in the firm property to the other and retired from the firm, the remaining partner may maintain an action for the damages sustained because of such breach.

SAME.—*Mill.—Destruction of by Boiler Explosion.—Rental Value.—Measure of Damages.—Witnesses.—*Where a boiler sold with warranty explodes, the rental value of the mill, for which the boiler furnished the motive power, during the time it remained idle on account of such explosion, is an element of damages in an action for the breach of the warranty, and in ascertaining such value witnesses acquainted with the capacity of the mill and its daily work may be called.

From the Marion Superior Court.

*A. C. Ayres, E. A. Brown* and *L. M. Harvey,* for appellants.
*T. A. Nantz, A. P. Stanton* and *J. E. Scott,* for appellee.

BERKSHIRE, J.—This was an action brought by the appellee against the appellant to recover damages arising out of the sale and delivery of a steam boiler. The complaint is in two paragraphs. The first paragraph alleges an express warranty and a breach thereof; the second paragraph charges fraud. Demurrers were filed to the two paragraphs of complaint, and overruled and the proper exceptions reserved.

The defendant answered in two paragraphs, a general denial, and a special denial. Instead of moving to reject the second paragraph the appellee replied the general denial.

The cause being at issue, was submitted to a jury for trial, who afterwards returned a verdict for the appellee, and over a motion for a new trial, the court rendered judgment upon the verdict. From the judgment at special term an appeal was taken to general term, and the judgment at special term being affirmed, this appeal is prosecuted.

Several errors were assigned in general term, but as counsel for the appellant limit their argument to a consideration of questions arising out of the ruling of the court in overruling the motion for a new trial, other questions are waived, and, therefore, we will only consider the questions to which counsel call our attention.

It appears from the allegations of the complaint that the said steam boiler was sold and delivered to the firm of " Kidder Bros.," the members of said firm being the appellee and one Wright L. Kidder, and that before the explosion of the said boiler, and the injuries resulting therefrom, the said Wright L. Kidder sold and conveyed all of his interest in the firm property and the assets of the firm to the appellee.

Wright L. Kidder was made a party defendant to the action to answer as to any interest he had in the subject-matter in litigation, and answered that he had none.

It is urged by counsel for the appellant that the appellee could not maintain an action for the damages sustained because of the breach of warranty alleged, for the reason that the warranty was made to the firm of " Kidder Bros.," and that a warranty of personal property can not be transferred to a person not a privy to the contract.

We are not called upon to decide this question, and, therefore, do not do so.

The appellee was a privy to the contract made, as it was, with " Kidder Bros.," the same as if it had been made in words with Willard Kidder and Wright L. Kidder. They being the only members of the firm when the firm name was employed, it was a contract with the members of the firm. " Kidder Bros.," independent of the persons doing business under that name was a non-entity. But suppose the name of the firm had been Willard Kidder and Wright L. Kidder, and they had been thus designated in the contract, or suppose there had been no partnership but Willard Kidder

and Wright L. Kidder had been contracted with as joint owners, could it be contended with any show of reason that Willard Kidder was a stranger to the contract? We apprehend that no one would thus contend, and yet it seems to us that such a contention would be equally defensible as the one made. We can see no difference.

But let us consider the question a little further. If the firm is the entity, and not the members thereof, if the firm of Kidder Bros. had been composed of three members when the contract was made, and one of the members thereof had dropped out, and the business continued without any change in the firm name, then there could be no question but that the appellee would have been liable to the firm composed of two members, and if this is to follow, then if the appellee had continued to carry on business in the firm name after he bought Wright L. Kidder's interest, the entity of "Kidder Bros." would still have been in existence, and that being true, the firm could have maintained the action the same as if a member of the firm had not dropped out. This conclusion must follow if the members of a firm are not parties to contracts made in the firm name. See Benjamin Sales (3d ed.), section 514, and cases cited.

The members of a firm hold property much like tenants by entireties hold title to real estate. Story Partnership (7th ed.), sections 89–91 ; Parsons Contracts (3d ed.), section 168 ; *West* v. *Skip*, 1 Ves. Sen. 259 ; *Blakeley* v. *Le Duc*, 22 Minn. 476 ; *Thompson* v. *Lowe*, 111 Ind. 272.

In such cases the covenant or warranty is with each tenant or partner as the owner of the whole, and not as the owner of a moiety.

We think the court committed no error in instructing the jury that one element of damages was the rental value of the mill during the length of time that it remained idle on account of the explosion of the boiler which furnished the power that moved the machinery.

In ascertaining such value it was proper to call on wit-

nesses who were acquainted with the capacity of the mill and its work from day to day down to the time when the boiler exploded.

We are of the opinion that there was no error in the instructions of the court relative to the question of damages. *Rose* v. *Wallace,* 11 Ind. 112 ; *Page* v. *Ford,* 12 Ind. 46; *Poland* v. *Miller,* 95 Ind. 387 ; Benjamin Sales (3d ed.), sections 1215, 1216, 1273 ; Usher Sales of Personal Property, section 506 ; Biddle Warranties in Sale of Chattels, section 335, and note ; 1 Sutherland Damages, 97 ; 1 Sedgwick Measure of Damages (7th ed.), 614; *Hexter* v. *Knox,* 63 N. Y. 561 ; *Strawn* v. *Coggswell,* 28 Ill. 457 ; *Benton* v. *Fay,* 64 Ill. 417; *Griffen* v. *Colver,* 16 N. Y. 489 ; *Green* v. *Mann,* 11 Ill. 613 ; *Berkey & Gay Furniture Co.* v. *Hascall, ante,* p. 502 ; *City of Terre Haute* v. *Hudnut,* 112 Ind. 542.

In our opinion there was no such misconduct on the part of the jury or prevailing party as to require the granting of a new trial.

There is nothing in the record to indicate that the presence of the small piece of boiler iron where the jury could look upon it influenced the verdict of the jury, or that the appellee permitted it to remain there for that purpose ; but whether so or not the appellant's counsel made no objection to its presence, and must be held to have waived any such objection.

We find no error in the record.

Judgment affirmed, with costs.

Filed May 2, 1890.