REVILO C. WOOD, as Guardian ad Litem of HARRY C. WOOD, a Minor, Respondent, *v.* E. & H. T. ANTHONY & COMPANY, Appellant.

*Action for breach of warranty on article sold — personal injury caused by its explosion as an element of damages — amendment of the complaint, by alleging negligence.*

A person who purchases a package of magnesium powder from the sales agent of the manufacturer of such powder in reliance upon a warranty that it is entirely free from explosive compounds and is safe for use in any of the ordinary flash lamps, may, in the event of his sustaining personal injuries in consequence of the explosion of the powder while he is using it in an ordinary flash lamp, recover damages for such personal injuries in an action brought for a breach of the warranty.

Where, however, in an action brought to recover damages for the breach of the warranty, the trial court erroneously rules that the plaintiff cannot recover therein any damages for his personal injuries, and he thereupon obtains an order permitting him to amend his complaint by alleging therein, in addition to the breach of the warranty, negligence in the manufacture and sale of the powder under the alleged false representations as to its non-explosive character, such an order will not be reversed on the ground that the original complaint did not state a cause of action, or on the ground that the amendment converted the cause of action on contract into one in tort.

APPEAL by the defendant, E. & H. T. Anthony & Company, from an order of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Orange on the 10th day of June, 1902, allowing the plaintiff to serve an amended complaint.

*Samuel H. Evins* [*Noah C. Rogers* with him on the brief], for the appellant.

*Caleb Birch, Jr.*, for the respondent.

HIRSCHBERG, J.:

The action was commenced on May 13, 1901, and was tried in November of that year. The complaint alleged in substance that the defendant, a domestic corporation, manufactured and sold in packages a certain powder called "Anthony's Pure Metallic Magnesium," which it warranted to buyers and users to be entirely free from explosive compounds, and to be safe for use with any of the ordinary flash lamps; that the plaintiff's ward, in reliance upon the warranty, purchased a package of the powder from one of the defendant's sales agents; that the warranty was false, and that while the minor was using the powder in an ordinary flash lamp it exploded because of the presence of explosive compounds, inflicting upon him severe personal injuries. The judgment demanded was for damages for the injuries so inflicted.

A verdict was rendered in favor of the plaintiff, but it was set aside by the trial court as inadequate. A second trial was had in April, 1902, but before any evidence was given the plaintiff's counsel was informed by the court that no recovery could be had for personal injuries in an action for breach of warranty on contract, and, in effect, that the plaintiff could not recover the damages alleged under the complaint as it was then framed, whereupon, as the plaintiff states in the affidavit on which his present motion is based, "in view of the fact that plaintiff's sole claim is for personal injuries because of a breach of such warrantee* (in the complaint as it now stands)" his counsel obtained leave to withdraw a juror, and having subsequently applied at Special Term for an order permitting an amendment to the complaint, alleging, in addition to the

---

\* *Sic.*

facts constituting the warranty and its breach, negligence on the defendant's part in the manufacture and sale of the powder under the alleged false representations of its non-explosive character, obtained the order allowing such amendment which is now the subject of review.

On the part of the appellant it is claimed that the amendment should not have been allowed because the original complaint did not state a good cause of action. I am inclined to the opinion that the complaint did state a good cause of action, and that the damages asserted were recoverable under it. It is undoubtedly true that the measure of damages for breach of warranty on the sale of personal property is generally the difference in value of the article sold as it was and as it was represented to be, but in exceptional cases other damages of a special nature are within the contemplation of the parties, and " where an article is warranted fit for a particular purpose the purchaser can recover the damages caused by an attempt to use it for that purpose." (2 Sedg. Dam. [8th ed.] § 766.) The same principle applies to a warranty that an article may be used without danger of injury to the person arising from the presence of dangerous substances. In this case the personal danger to be apprehended by prospective purchasers from the use of an explosive powder in a lamp was the thing which the defendant anticipated, and as an inducement to a sale of the compound, by allaying such apprehension, the assurance of its harmlessness was given. Whether a remote purchaser could recover for the breach of the warranty need not be considered, inasmuch as the complaint alleged that the purchase in this instance was made from the defendant through its sales agent.

The principle under consideration has been often applied in adjudicated cases. In *Langridge* v. *Levy* (2 M. & W. 519; S. C. *sub nom. Levy* v. *Langridge*, 4 id. 337) the defendant sold a gun to the plaintiff's father for the use of himself and his son, representing it to be manufactured by a certain person and to be well made. The representations were untrue. The gun burst in the hands of the plaintiff, and the defendant was held liable for the personal injury thereby occasioned.

In *Page* v. *Ford* (12 Ind. 46) a boiler exploded which had been

warranted sound, and the damages allowed included the injury to property damaged or destroyed by the explosion. And in *Sinker, Davis & Company* v. *Kidder* (123 id. 528), under similar circumstances, the damages included the rental value of a mill in which the explosion occurred during the time it was idle in consequence thereof.

In *Passinger* v. *Thorburn* (34 N. Y. 634) the principle was applied by the Court of Appeals to an action for breach of warranty on a sale of seed, and the rule was enforced that where there is a special warranty and a breach, the plaintiff is entitled to such damages as were the natural and necessary consequences of the breach. (See, also, *White* v. *Miller*, 71 N. Y. 118; *Beeman* v. *Banta*, 118 id. 538.)

In *Milburn* v. *Belloni* (39 N. Y. 53) it was held that a sale of coal dust, to be used in the manufacture of brick, with a warranty that it was free from soft coal dust, accompanied with the information that, if mixed with soft coal dust, it would destroy the brick proposed to be manufactured, rendered the seller liable for the injury to the brick sought to be manufactured, by the presence of such soft coal dust.

In *Bruce* v. *Fiss, Doerr & Carroll Horse Co.* (47 App. Div. 273) this court applied the principle to an action for breach of warranty in the sale of a horse, and held that where there was a warranty that the horse was " sound, kind and true, and gentle and quiet in harness and suitable for use by plaintiff in his profession as a physician, to drive in harness as a carriage horse," the purchaser was entitled to recover for both injury to his person and to his property occasioned by the kicking, bolting and running away of the animal.

The appellant further insists that the amendment has converted an action on contract into one of tort. It may be that the complaint as now framed may be construed either as for breach of warranty or for negligence, and that the plaintiff may be required at a proper time and in suitable proceedings to make his election. It certainly does not purport to state or to unite two causes of action. The original complaint sounded in tort and the damages sought were for the wrong done to the plaintiff by the sale and warranty. In discussing the question of damages recoverable in such actions, it is said in Sedgwick on Elements of Damages, at page 251 : " An

action upon a warranty may be an ordinary action of contract, or it may be an action of tort. The former case arises whenever the suit is upon an express understanding as to quality, and it is evident that in the cases just considered the underlying idea is that the plaintiff shall recover the benefit of a broken contract. But an action on a warranty may and quite as often does sound in tort, as in case of false representations as to quality, etc., made by the seller, with a view to induce the purchaser to buy. Here the tort consists in the falsehood followed by damage."

In such an action a scienter need not be alleged or proved (*Shippen* v. *Bowen*, 122 U. S. 575), and this must be especially true of a case where the injurious article falsely warranted has been manufactured by the vendor. The gist of the claim in such a case is the injury resulting from the personal act of the defendant equally whether such act was occasioned by design or by culpable negligence.

What has been said practically disposes of all the questions raised by the appellant except as to the terms upon which the motion was granted. The terms imposed upon the respondent were certainly much less than what should generally be required on the amendment of a pleading after trial, but in view of the ruling of the court at the second trial and the peculiar circumstances under which the motion was accordingly made, and especially in view of the opinion herein expressed as to the right of the plaintiff to prove his damages under the original complaint, they cannot be considered as unjust. I think under the circumstances that the order should be affirmed.

GOODRICH, P. J., BARTLETT and WOODWARD, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.