### RAZEY v. J. B. COLT CO.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

1. WARRANTY—LAWFUL USE OF THING SOLD.

    One selling an article with a warranty that it is safe has a right to suppose, in the absence of notice to the contrary, that it will be used in a lawful manner.

2. SAME—CONSEQUENTIAL DAMAGES—NEGLIGENCE.

    One may not recover consequential damages for breach of warranty that an article bought is safe, where his negligence contributes to the accident.

Appeal from Trial Term, Orange County.

Action by James Razey against the J. B. Colt Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

Nelson S. Spencer, for appellant.

John C. R. Taylor, for respondent.

MILLER, J. Gas escaping from a carbide feed generator purchased by the plaintiff of the defendant was ignited by a lighted gas jet in the room, causing an explosion, from which the plaintiff sustained personal injuries; and he brings this action to recover damages, alleging a breach of warranty. The generator was used by him in his business as a photographer in an apartment occupied by him in the city of New York. He testifies that he informed the defendant of the place and manner of the intended use of the machine, and that it warranted it to be safe for the purpose. The plaintiff had used acetylene gas generators before, and it is evident that he appreciated something of the danger of the use of such a generator in an apartment, because he practically admits expressing a desire that the machine should be so delivered as to conceal its identity from the other tenants in the building; explaining that he thought it might make them nervous. No claim is made of any negligence in the manufacture of the machine, or of any latent de-

fects in it; the claim of the plaintiff being based solely upon the proposition that the machine was not in fact safe for the use to which it was put. The defendant denies the warranty, and also denies that the plaintiff informed it of the manner in which he proposed to use the machine. An ordinance of the city of New York forbade the use of an acetylene gas generator in a room where there was artificial light. It also prohibited their use in a building such as the plaintiff was using the apparatus in at the time of the explosion.

We may assume that the evidence of the plaintiff tended to establish a special warranty, for breach of which consequential damages were recoverable. Wood v. Anthony & Co., 79 App. Div. 111, 79 N. Y. Supp. 829; Bruce v. Fiss, Doerr & Carroll Horse Co., 47 App. Div. 273, 62 N. Y. Supp. 96.

Among others, the following requests to charge were made and disposed of as indicated:

"(7) That Mr. Colt had the right to presume, in the absence of notice or reasonable ground for notice to the contrary, that Mr. Razey would use the generator in a proper and careful manner generally, and in accordance with the laws, ordinances, and regulations of the locality in which he might use it. The Court: I refuse to charge No. 7 as requested. I will, however, charge so much of No. 7 as follows: That Mr. Colt had the right to presume, in the absence of notice or reasonable ground for notice to the contrary, that Mr. Razey would use the generator in a proper and careful manner generally. The balance I refuse to charge."

"(9) That, even if the jury find that defendant warranted the generator to be entirely safe, if they find that the accident would not have occurred but for the failure of the plaintiff to use proper care in its management and installation, plaintiff cannot recover. The Court: I decline to charge that in the language of the request, but I do charge as follows: If you find that the defendant warranted the generator to be entirely safe, and the accident occurred solely through the failure of the plaintiff to use proper care in its management and installation, then the plaintiff cannot recover."

"(13) That if the jury find that the defendant warranted the generator, as alleged, and that it was unsafe, nevertheless, if the accident was caused or contributed to by any negligence on Mr. Razey's part, he cannot recover. The Court: The thirteenth is refused."

Exceptions were duly taken to each refusal of the court to charge as requested. The charge of the court eliminated all question as to the effect of a violation by the plaintiff of the city ordinance, and also all question as to the negligence of the plaintiff, except such negligence was the sole cause of the accident, and in this respect we think the court erred. If the plaintiff's story is true—that he informed the defendant of the place and manner of the proposed use of the machine—then any question as to the violation of the ordinance may possibly have been eliminated, but this was denied by the defendant; and the jury might have found that the defendant warranted the machine to be safe, and still that the plaintiff did not inform it of his intention to use the machine in a room where there was a lighted gas jet. The plaintiff knew that this machine was dangerous if not properly used. A reasonable construction of the warranty limits it to the suitable and proper use of the machine, and, in the absence of notice to the contrary, we think the vendor had a right to assume that the machine would be used in

a lawful manner, and that the warranty was not intended to apply to anything but a lawful use, and that therefore the first request to which attention has been called was proper. But if we are wrong in this, it was clearly error to exclude all consideration of the plaintiff's negligence, unless it was the sole cause of the accident. Where the plaintiff seeks to recover damages for a breach of a general warranty, which are usually the difference between the value of the thing as it is in fact and as it was warranted to be, the question of negligence does not enter; but, where he seeks to recover consequential damages, he should not be permitted to recover for his own negligence. It has frequently been said that such damages are recoverable as may reasonably be said to have been within the contemplation of the parties. Warranty is not insurance, and there is nothing in this contract to indicate that either party supposed the defendant was to answer for the plaintiff's care-lessness. If it is impossible to separate the consequences of the plaintiff's negligence from the consequences of the defendant's breach of warranty, then the plaintiff must be limited to general damages, for otherwise he is permitted to recover for his own fault. We can discover no reason why he should be permitted to recover any damages which his own negligence has contributed to produce, and no authority has been cited by the respondent in support of such a proposition. This court said in Bruce v. Fiss, Doerr & Carroll Horse Co., supra, "But where it is sought to recover for consequential damages on a breach of warranty, the plaintiff himself must be without fault," and we think this is so whether the fault of the plaintiff is the sole cause of the injuries, or whether it merely contributes thereto.

For these reasons the judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.