Wayne A. HART, Ad'm., Plaintiff,
v.
The GOODYEAR TIRE & RUBBER COMPANY, Defendant

Civ. No. 1393.

United States District Court
N. D. Indiana,
Fort Wayne Division.

Feb. 6, 1963.

Otto E. Grant, Jr., Fort Wayne, Ind., for plaintiff.

William E. Borror, Fort Wayne, Ind., for defendant.

ESCHBACH, District Judge.

The captioned matter is now before the Court on defendant's motion to dismiss counts I and II of plaintiff's complaint. The instant action is brought by the personal representative of Alex F. Smith, deceased, who died as a result of injuries received when a truck which he was driving as an employee of Mayflower Mills left the road and overturned. The fatal accident was allegedly caused by a defective tire on the truck driven by the decedent, which tire had been purchased by his corporate employer, Mayflower Mills, from the defendant, Goodyear Tire and Rubber Company, at the latter's store located in Fort Wayne, Indiana. Count I of plaintiff's complaint proceeds upon the theory of breach of implied warranties of merchantable quality and fitness for a particular use, while Count II proceeds upon the theory of negligent manufacture. Defendant's motion to dismiss addressed to both counts proceeds upon the theory that privity must have existed between the decedent and the defendant to enable his personal representative to maintain the instant action based upon the theories set forth in Counts I and II. That is to say that there can be no recovery upon the theory of breach of implied warranty or upon that of negligent manufacture unless the injured person was in privity with the seller or manufacturer of the allegedly defective article. Having heard oral argument and conducted independent re-

search, the Court concludes that it must reject defendant's contention in both instances.

■ At the outset, it is uncontroverted that Indiana law controls as to the question raised by the instant motion, and it is the law of that state which this Court must apply. See Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In support of its contention that the law of the State of Indiana does not recognize a right of recovery for breach of implied warranties where the person seeking to recover was not in privity with the person from whom recovery is sought, defendant cites 25 I.L.E. (1960) Sales of Personalty § 102, at 187–188, wherein the following language appears:

> "Ordinarily a warranty is addressed to some particular person, generally the buyer, who alone can avail himself thereof, and the general rule is that, in order to recover for breach of warranty, privity of contract is required between the warrantor and the person seeking recovery."

In support of this general proposition, the text author, in N. 6 at 188 of the above-cited work, cites two Indiana cases —Wallace v. Shoemaker, 194 Ind. 419, 143 N.E. 285 (1924) and York Mfg. Co. v. Bonnell, 24 Ind.App. 667, 57 N.E. 590 (1900). A careful reading of those cases discloses that they do not support the general proposition for which they are cited by the text author.

Wallace v. Shoemaker, supra, involved an action for breach of an express warranty of a sow which was purchased by plaintiffs from defendants. The plaintiffs each executed notes for one-half of the purchase price. The opinion is silent as to any question of the necessity of privity to entitle a recovery. The Court concerned itself only with the question of whether under the circumstances plaintiffs were entitled to recover jointly, and very narrowly held at 143 N.E. 287 as follows:

> " * * *, the mere fact that each of the purchasers gave his individual note for half of the purchase money would not necessarily establish that the plaintiffs were without any joint interest in whatever cause of action might accrue to them from a breach of the warranty, so as to overthrow the finding by the court that they were entitled to recover jointly."

Therefore, it is obvious that the court did not purport to hold that privity was essential to support a recovery. That question was not presented.

Nor was the question of essentiality of privity to sustain a recovery presented or passed upon in York Mfg. Co. v. Bonnell, supra. The very limited question passed upon by the Court in that case was the assignability of an express warranty. This is apparent when it is perceived that the Court quoted and relied upon the earlier case of Sinker v. Kidder, 123 Ind. 528, 24 N.E. 341 (1890). In Sinker v. Kidder, supra, it was urged that a warranty of personal property could not be transferred to a person not a privy to the contract. In response to this argument, the Court stated as follows:

> "We are not called upon to decide this question, and therefore do not do so." Id.

In both of these cases, the Court held that partners who acquire their interests subsequent to a warranty made to the partnership as an entity are nevertheless entitled to recover on the warranty previously made. Therefore, these cases are at best ambiguous as to the question of the essentiality of privity.

The most recent annotation dealing with the essentiality of privity to recovery on the theory of breach of warranty is contained in 75 A.L.R.2d, 43–102. In the course of this 59–page annotation only one Indiana case is cited, and that only as holding that privity is nonessential to recovery where the manufacturer or seller has been guilty of fraudulent representations concerning the article. Id. at 93. That case, Laudeman v. Russell & Co., 46 Ind.App. 32, 91 N.E. 822 (1910), involved the liability of a manufacturer *in negligence* for a defective

product, and, although it contains some sweeping language regarding the essentiality of privity, its holding is of doubtful validity in the light of subsequent cases holding privity nonessential to a recovery based upon the theory of negligent manufacture. See Coca Cola Bottling Works of Evansville v. Williams, 111 Ind.App. 502, 37 N.E.2d 702 (1941); Holland Furnace Co. v. Nauracaj, 105 Ind.App. 574, 14 N.E.2d 339 (1938); Elliott v. General Motors Corp., 296 F.2d 125 (7th Cir., 1961). It is of even more doubtful validity when it is perceived that the manufacturer's liability in warranty was neither presented nor passed upon by the court.

In connection with the above-mentioned annotation, there remains to be considered the A.L.R.2d Supplement Service 1962 Midyear Pamphlet wherein at 432 the author cites Gillam v. J. C. Penney Co., 193 F.Supp. 558 (S.D.Ind.1961) as supporting by implication the proposition that privity is essential to recovery on the theory of breach of warranty. A careful reading of this case discloses that the sole question presented was the essentiality of privity to support a recovery based upon the theory of negligence, not upon breach of warranty. The court held that consistent with Holland Furnace Co. v. Nauracaj, supra, privity was unnecessary to enable plaintiff to sue on the theory of negligence under Indiana law.

The conclusion, therefore, is inescapable that Indiana has never directly or by fair implication committed itself to the absolute principle for which defendant contends that privity is essential to sustain a recovery for breach of warranty. Moreover, it is unnecessary for this Court to hold that Indiana law does not require privity to enable plaintiff to recover for breach of warranty on the facts of the instant case. As indicated above, plaintiff's decedent was an *employee* of the purchaser. This fact is of extreme significance in the light of Peterson v. Lamb Rubber Co., 54 Cal.2d 339, 5 Cal. Rptr. 863, 353 P.2d 575 (1960), a recent case decided in a jurisdiction adhering to the privity rule, see Burr v. Sherwin Williams Co., 42 Cal.2d 682, 268 P.2d 1041 (1954), and the language of the Indiana Uniform Sales Act.

Ind.Stat.Ann. § 58–115 (Burns 1961 Repl.) deals generally with implied warranties and speaks in terms of "buyer" and "seller." Ind.Stat.Ann. § 58–606 (Burns 1961 Repl.) defines the term "buyer" as follows:

" 'Buyer' means a person who buys or agrees to buy goods of [or] *any legal successor in interest of such person.*" (Emphasis supplied.)

Noting a similar provision of the California Sales Act, the Court in Peterson v. Lamb Rubber Co., supra, in response to the argument that the plaintiff-employee could not recover on the theory of implied warranty absent privity, stated at 5 Cal.Rptr. 863, 353 P.2d 575 as follows:

"In the first place, it is a matter of common knowledge, and of course known to vendor-manufacturers, that most businesses are carried on by means of the assistance of employes and that equipment or supplies purchased by employers will in actual use be handled by the employes, who in this respect may be said to stand in the shoes of the employer. * * * One of the customary definitions [of 'privity'] is that 'privity' denotes mutual or successive relationship to the same thing or right of property; it implies succession. [Citations] Thus, in the present context, the employee had the successive right to the possession and use of the grinding wheel handed over to him by his purchaser-employer, and, we believe, should fairly be considered to be in privity to the vendor-manufacturer with respect to the implied warranties of fitness for use and of merchantable quality upon which recovery is here sought."

Therefore, based upon the language of § 58–606, supra, and the holding in Peterson v. Lamb Rubber Co., supra, plaintiff's

decedent's relationship to his employer-purchaser, and consequently to defendant, is in the instant case sufficient to enable him to maintain the instant action for breach of implied warranties, even assuming, without deciding, that Indiana adheres to the privity rule.[1]

Defendant's Motion to Dismiss as to Count I must, therefore, be denied.

Defendant's Motion to Dismiss as to Count II must similarly be denied on the authority of Elliott v. General Motors Corp., supra.

Accordingly, defendant's Motion to Dismiss Counts I and II of plaintiff's complaint is now denied.

1. For an excellent discussion of the privity rule, see 1 Frumer & Friedman, Prod-ucts Liability § 16.03 at 376 et seq. (1960).