ROBERT GRIESE *et al.*, Plaintiffs-Appellants, *v.* CORY POOLS, LTD., Defendant-Appellee.

Second District   No. 76-506

Opinion filed March 15, 1978.

Pedderson, Menzimer, Conde, Stoner, Ferolie, Spelman & Killoren, and Bernard P. Reese, Jr., of Reese & Reese, both of Rockford, for appellants.

No brief filed for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiffs, Robert and Gloria Griese, purchased a swimming pool from defendant, Cory Pools, Ltd., in April 1971 for $4,490. In March of 1972 certain defects in the pool became manifest. Plaintiffs informed defendant of the defects, requested that repairs be made, but continued to use the pool. About mid-1973 defendant sent workers to make the requested repairs. Plaintiffs did not agree with the manner in which the work was being done and sent the workers away, although the pool was partially disassembled. About three weeks later a windstorm destroyed the pool; plaintiffs had the debris removed at no cost, but no salvage value was obtained. They estimated that the cost of restoring their yard to its original condition would be $400 to $500. Plaintiffs brought this action for breach of warranty. At the conclusion of plaintiffs' case, defendant made a motion for directed verdict. The court found that there was a breach of warranty, but directed a verdict for defendant because plaintiffs had given no evidence of the amount of damages.

■■ Plaintiffs contend that their testimony regarding the uselessness of the pool was adequate to set damages at the purchase price, and that testimony of the cost to restore the yard was adequate to allow consequential damages. It has long been the law in Illinois that the measure of damages for breach of warranty in the sale of goods is the difference between the actual value of the goods and the value if the goods were of the quality warranted. (*Strawn v. Cogswell* (1862), 28 Ill. 457.) This is essentially the same formula which has been codified in the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—714(2)). *Strawn* recognized that the practical measure of damages in determining the difference between actual value and warranted value as being the cost to repair the goods to the quality warranted. Modern commentators have accepted the same approach. See, White and Summers, Uniform Commercial Code 308 (1972).

■■ In the cause before us, there was no evidence of the value of the pool at the time the defect was noticed, no evidence of its value when plaintiffs ordered away the repairmen, no evidence of its value prior to the windstorm; in sum, there was no evidence of the actual value of the pool, and nothing which could be used as an estimate in determining the cost to repair the pool. We agree with the trial court that there was no basis on which to determine an amount of damages, and that as a result, none could be awarded.

■■■ Further, we would note that it would strain reason for us to adopt plaintiffs' contention that the breach of warranty resulted in the destruction of the pool in the windstorm, and that the full purchase price is therefore the proper measure of damages. There was no evidence that the windstorm destroyed the pool because of the defects; if anything, the evidence showed that it destroyed the pool because plaintiffs ordered away the workmen while the pool was partially disassembled. In line with this observation, we see no reason why defendant should have foreseen that such a defect as existed in the pool would have caused plaintiffs to send away the repairmen while the pool was partially disassembled; that while the pool was, due to plaintiffs' direction, in such a state a windstorm would then destroy the pool; and that as a result of these occurrences, the yard would need restoration. We therefore also agree that consequential damages for the restoration of the yard were properly denied.

The decision of the circuit court is accordingly affirmed.

Affirmed.

RECHENMACHER and GUILD, JJ., concur.