MATTHEW D. BREEN, Respondent, *v.* THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

To authorize a recovery of damages against a railroad company for injuries
received by a passenger on one of its trains, there must be reasonable
evidence of negligence on the part of the defendant; but when the thing
causing the injury is shown to be under the control of the defendant, and
the accident is such as, in the ordinary course of business, would not
happen if reasonable care was used, it affords, in the absence of explana-
tion by the defendant, sufficient evidence that the accident arose from
want of care on its part.

Plaintiff, a passenger on one of defendant's trains, while sitting by an open
window with his arm resting upon the sill, so that the window could
have been closed without touching his arm, was struck on the arm and
injured, as the evidence tended to show, by a swinging door on a passing
freight train. No explanation of the accident was given by the defendant.
*Held,* that want of proper care on defendant's part was to be presumed,
and a recovery by plaintiff was proper.

(Argued March 22, 1888; decided April 10, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made May 4, 1886, which affirmed a judgment in favor of
plaintiff, entered upon a verdict.

This action was brought by plaintiff to recover damages for
injuries received while a passenger upon one of defendant's cars.

The facts are sufficiently stated in the opinion.

*Hamilton Harris* for appellant. The negligent way in
which plaintiff was sitting precluded a recovery. (*Todd* v.
*Old Colony R. R. Co.,* 7 Al. 207 ; *Pittsburg R. R. Co.* v.
*McClurg,* 56 Penn. 294 ; *Holbrook* v. *U. & S. R. R. Co.,* 12
N. Y. 236.)

*E. Countryman* for respondent. The nature and circum-
stances of the accident constituted a *prima facie* case of
negligence against the defendant. (*Seybolt Case,* 95 N. Y.
562 ; *Holbrook Case,* 12 id. 236.) It was gross negligence to
permit a car out of repair, as was the car with the swinging

door on the passing freight train, to be placed in a moving train for transportation on the road. It was, therefore, a clear case for the jury, if nothing more. (*Hallahan Case*, 102 N. Y. 194, 199; *Holbrook Case*, 12 id. 236, 243, 244; *Alherte Case*, 13 Daly, 511.) Plaintiff was not, in that event, guilty of negligence. (*Holbrook Case*, 12 N. Y. 236, 244; *Hallenbeck Case*, 102 id. 194; *Francis Case*, 13 Daly, 511, 513; *Brophy Case*, 105 Penn. 38.) It would not have been negli gence *per se* if the arm or elbow had protruded an inch or two outside the window. (*Summer Case*, 34 La. An. 139; *Dahlberg Case*, 32 Minn. 404.)

DANFORTH, J. The learned counsel for the appellant asks for a reversal of the judgment and a new trial upon two grounds: First. That the injury to the plaintiff was caused by his own negligence; and, second, that the defendant on the occasion in question was free from negligence.

The jury had both propositions before them, after instructions from the court, to which no objection is now made, and the General Term was of opinion that the case was properly submitted to them. The judgment must stand, therefore, if there was evidence proper for the consideration of the jury and sufficient in some reasonable view to induce the verdict. The plaintiff, a passenger on defendant's road, was entitled to be carried safely so far as that could be effected by reasonable care on its part in the conduct of its business. The complaint is, that while proceeding on his journey from Hudson, northerly, to Albany, he "was struck upon the left arm by a portion of a car door or other part of a freight train running on the defendant's road in an opposite direction," and seriously injured. He was at the time sitting by a window, his arm resting upon the sill; whether it protruded beyond the sill and outside the car was a question upon the trial and given to the jury, with directions to find a verdict for the defendant if that question was answered by them in the affirmative. Their verdict in favor of the plaintiff shows that, in their opinion, the plaintiff was wholly within the car. There is.

evidence to that effect.   The plaintiff says in one hand he had a paper, in the other a cigar.   His arm rested on the window sill; the window was raised, but " could have fallen down without touching my arm."   At that moment a freight train was passing by " and something on the freight train struck my arm and smashed it; the conductor came in and said he was on the next car and he thought there was some accident when the lever to stop the train was pulled by the brakeman." One " S," also a passenger sitting near and behind the plaintiff, described his position and said, on cross-examination by defendant's counsel: " I think, if the window had come down, it would not have hit his arm; just the end of the arm rested on the sill."   Another passenger, one " W," giving a somewhat different account of the construction of the window casing, also testifies in corroboration of the plaintiff's assertion that his arm was inside, and not outside the car window.   The freight train as it passed Castleton, shortly before meeting the passenger train, was observed by one " Simon," who testified that " there was a door swinging from a car just as quick as a pidgeon up and down; " this was on the side of the freight car opposite the side of the car at which plaintiff sat.   The evidence tended to prove that this swinging door caused the injury.   The conductor of the passenger train formed the opinion at once that the cause of the injury was from the freight train, and directed the agent at Castleton to telegraph its conductor " that there was something on that train that struck my train," and he so telegraphed.   It does not appear that the conductor of the freight train responded. He was not a witness on the trial, nor were any of the defendant's employes upon that train called to testify in regard to it, nor was there evidence to contradict the positive testimony of the plaintiff's witness as to the condition of the door and its dangerous operations.   That it or some other hard substance from the freight car was doing harm is also established by evidence.   The car in which the plaintiff sat was scratched and bruised upon the outside, it was indented inside on the window casing by which he sat, and other cars

in the train showed the result of the collision by glass broken from a window and manifest abrasions and bruises upon the sides. The freight car was in bad condition from the failure of the defendant to keep it in repair, and it is but just that the defendant should be held accountable for a negligence which has been followed by such an accident. Measurement of the window sills and opinions as to what could or might have been done upon such a surface, did not amount to demonstration and were not conclusive. The jury were not bound so to construe that evidence as to discredit and reject that given by the plaintiff.

It is for the public interest that persons should be enabled to travel safely over a road operated for public use and without danger from accidents of this kind, but the defendant is not an insurer, and, as its learned counsel contends, the mere happening of an accident will not, in all cases, warrant a recovery by one receiving an injury. There must be reasonable evidence of negligence, but when the thing causing the injury is shown to be under the control of a defendant, and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part. The case of *Holbrook* v. *Utica & Schenectady Railroad Company* (12 N. Y. 236) is to that effect. Its facts were quite like those now under consideration, and the principle there stated that the presumption of a want of proper care, on the part of the company, may arise from circumstances attending the injury, and so cast upon the defendant the burden of disproving it, applies here. No explanation was given by the defendant, and the conclusion reached by the jury was, upon both branches of the controversy, justified by the evidence.

We agree with the General Term as to the deductions fairly arising from the evidence, and think its judgment should be affirmed.

All concur, except PECKHAM, J., not sitting.

Judgment affirmed.