87  355
20ap135
87h 355
64ad479

Nicholas Ennis, Respondent, *v.* Henry Winthrop Gray, as Receiver of the Thomson-Houston Electric Company of New York, Appellant.

*Negligence — personal injuries — burden of proof — liability for accidental or unavoidable injuries — duty to use ordinary care and skill to avoid danger — evidence of want of care — negligence must be proven — liability for an injury caused by a thing not inherently dangerous.*

In order to sustain an action for injury arising from negligence it must appear that there was a legal duty owing by the person inflicting the injury to the person on whom it was inflicted, and that such duty was violated. A general duty to the public is not sufficient; it must be a special duty to the individual injured.

A man may, upon his own lands, build factories and dams and make use of machinery without liability for any damage which may accidentally or unavoidably ensue.

Whenever one person is by circumstances placed in such a position in regard to another that every one of ordinary prudence would recognize that, if he did not use ordinary care and skill in his own conduct with regard to these circumstances, he might cause injury to the person or property of the other, a duty arises to use ordinary care and skill to avoid such danger.

In an action brought to recover damages for personal injuries, sustained by reason of the alleged negligence of the defendant, there must be reasonable evidence of negligence on the part of defendant; but when the thing causing the injury is shown to be under the defendant's control, and it appears that the accident is such as in the ordinary course of business does not happen if reasonable care is used, such proof, in the absence of explanation by the defendant, affords sufficient evidence that the accident arose from a want of care on its part.

Since every man is presumed to discharge his duty it results therefrom that whoever asserts the negligence of another must prove the fact, and must prove it by a preponderance of evidence. There are cases, however, in which the maxim "*res ipsa loquitur*" applies — that is to say, in which the very occurrence itself imports negligence.

In order that liability shall attach for an injury occasioned by something not inherently dangerous or defective, which is found upon the grounds of or in use by one who is under a qualified obligation to the injured person, it must be shown that the defendant either knew, or that by the exercise of such reasonable skill, vigilance or sagacity as are ordinarily possessed and employed by persons experienced in the particular business to which the thing pertains, he should have known of its defective and dangerous condition, and that the natural and probable consequence of its use would be to produce injury to some one.

APPEAL by the defendant, Henry Winthrop Gray, as receiver of the Thomson-Houston Electric Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of February, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 4th day of March, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Henry L. Sprague*, for the appellant.

*James Cowden Meyers*, for the respondent.

O'BRIEN, J. :

The action is brought to recover damages for injuries due to negligence. The plaintiff, a roofer by trade, was at work on a cornice

over a liquor store at the corner of Twenty-third street and Third avenue, in the city of New York, which were owned, as were the premises, by one McCaffrey. There was upon the south end of the cornice an iron box, a converter or transformer, used to change a high tension electrical current of 1,000 volts to a low tension current, maintained and operated by the defendant. The cornice was two feet two inches wide, and the distance between the converter and the wall was fourteen and one-quarter inches. The space between the converter and the westerly edge of the cornice was one and three-quarter inches. The converter was connected by wires to a cable in a standpipe coming up from the street at the south end of the cornice. These wires were joined from the standpipe to two fuse boxes upon the top of the converter, the primary wires hanging between the converter and the wall of the house.

The plaintiff was on his knees, facing south, and had in his hand a small whisk broom, with which he was sweeping the tin roof around the northeast corner of the converter; he received a shock and became unconscious; he was found with his clothes in flames, lying upon the wires between the converter and the wall; that his injuries were serious and justified the damages as reduced by the court is not disputed; neither were exceptions taken to the admission or rejection of evidence, nor to the judge's charge, the defendant urging upon this appeal questions relating to the merits of plaintiff's cause of action, which are presented by his motion to dismiss the complaint at the close of the plaintiff's case, and after the verdict by the motion for a new trial upon the ground, among others, that such verdict was against the weight of evidence.

The first question, therefore, is, had the plaintiff, when he rested, made out a *prima facie* case of negligence? It appeared that the wires which caused the damage were exposed to contact by any one who went to the south end of the cornice, and that they were in front of a window between the wall of the building and the converter; and this arrangement of the box and wires was characterized by an electrician who went to the place of the accident as improper. The evidence also tended to show that the wires were improperly insulated, the insulation having worn off in five places on the primary wires; that at one point there was a bad splice entirely uninsulated, and that the defective insulations were old. Such evidence,

we think, made out a *prima facie* case of negligence, because it tended to support two grounds relied on by the plaintiff, viz.,. that the wires were improperly placed, without safeguards, and were improperly insulated.

It is insisted by appellant that there were no contractual relations or other privity between plaintiff and defendant which required the latter to protect the former from injury while he was working for McCaffrey and while he was on McCaffrey's premises; and in support of such insistance our attention is called to the well-settled rule that in order to maintain an action for injury arising from neglect it must appear that there was a legal duty from the person inflicting the injury to the person on whom it was inflicted, and that such duty was violated; that a mere general duty to the public is not sufficient, but it must be a special duty to the individual injured. Reliance is placed upon the cases of *McAlpin* v. *Powell* (70 N. Y. 130); *Victory* v. *Baker* (67 id. 368), and *Cosulich* v. *Standard Oil Co.* (122 id. 118).

In the first case cited (*McAlpin* v. *Powell*), where a child of a family in a tenement house was injured by falling through a trap in a fire escape which was improperly secured, it was held that, it having only been put up for a fire escape to be used for the protection of life in case of danger from fire, and not being intended and never used as a balcony, the owner owed no duty to the tenant or his family to keep the platform of the fire escape in such repair that it might be used as a balcony; and the distinction is there pointed out between that case and one requiring a party to protect a structure on his own property which is dangerous to others.

In *Victory* v. *Baker* (*supra*), where a boy lost his life by falling into a vat of boiling water in defendant's factory, whither he had gone by direction of his employer, it was held that the manner in which the owner of the factory chose to use or appropriate his property could not be questioned; and, if in the lawful exercise of his right and without negligence on his part, a third person sustains injury from this use by the owner, the owner is not answerable.

The case of *Cosulich* v. *Standard Oil Co.* (*supra*) was an action to recover damages sustained by the burning of a vessel through the alleged negligence of the defendant. The defendant owned and managed a petroleum refinery. Plaintiff's vessel was lying at a

wharf adjacent thereto. An explosion took place, the oil within defendant's inclosure took fire, and a quantity of it while burning flowed down a pipe used by defendant for pumping oil from vessels into its refinery connected with a lighter laden with petroleum moored at defendant's wharf; the lighter exploded and burning oil therefrom was thrown upon plaintiff's vessel, which set it on fire. As said in the opinion of that case: " The defendant was not maintaining a nuisance. Its business was lawful, and in its conduct the law does not impose the obligation of saving harmless others from the consequences resulting from the occurrence of inevitable accident, but rather burdens it simply with the duty of using reasonable care and caution to save others from injury." There being no evidence of negligence except such as it was insisted should be presumed from the proof of the explosion, it was held that such proof was not sufficient to authorize an inference of negligence, and for that reason it was error not to have granted the motion for a nonsuit.

None of these cases upon the facts here appearing is in point. These were all cases where injury resulted from the use of premises belonging to the party sought to be charged and that caused the injury to persons to whom was owing no obligation either of contract, duty or service, and were controlled by the well-settled law that " a man may, upon his own lands, build factories and dams and employ the use of machinery, without liability for any damage which may accidentally and unavoidably ensue."

Without quarreling with the rule invoked by the appellant or the cases cited by him, we think the facts here presented sufficiently show the distinction. The defendant was engaged in the business of supplying electricity for lighting purposes in houses and streets of the city, and considering the high voltage which it was necessary to carry over the wires, thus rendering the business in the highest degree dangerous unless handled with care and skill, we think that outside of any contractual relation a duty was created on the part of the defendant, not only towards the public generally who in the streets might be likely to come in contact with the wires, but also with respect to any individual engaged in a lawful occupation in a place where he was entitled as of right to be. The relation and obligation of parties are accurately expressed in *Heaven v. Pender* (L. R., 11 Q. B. Div. 503), the substance of which is that whenever

one person is by circumstances placed in such a position with regard to another that every one of ordinary prudence would recognize that, if he did not use ordinary care and skill in his own conduct with regard to these circumstances, he might cause injury to the person or property of the other, a duty arises to use ordinary care and skill to avoid such danger.   Here the defendant was engaged in placing wires in the streets and making connections with houses intended for occupancy, and as its business was of a character highly dangerous and likely to result in injury to others unless it was conducted with care and prudence, the duty was created in the conduct and management of such business of using the necessary care and prudence to prevent such injury.   That the defendant did not perform this duty the plaintiff presented evidence tending to show, and the court, therefore, properly denied the motion to dismiss the complaint at the end of plaintiff's case.

It is claimed, however, that in view of the testimony given by the defendant the motion for a new trial should have been granted upon the ground that the verdict was against the weight of evidence. We have examined the record, and while it is true the witnesses for the defendant outnumbered those for the plaintiff, we do not think the weight of evidence so clearly preponderated in defendant's favor that the court would have been justified in granting the motion for a new trial.   If anything, the plaintiff's case was strengthened by the showing that a change was made in the manner of construction between the time of the accident and the trial; and upon cross-examination of defendant's expert as to the relative safety of the two modes of construction, such evidence tended to show that the present construction is safer than that which existed at the time of the accident.   We think, therefore, that the question as to whether the defendant exercised ordinary care in the construction and maintenance of the electrical converter and its appliances was, under proper instructions, to which no exceptions were taken, properly submitted as a question of fact to the jury.

A further question is presented, considering the nature of the accident, whether merely from its happening a presumption of negligence did not arise.   As said in *Breen* v. *N. Y. C. & H. R. R. R. Co.* (109 N. Y. 300): "There must be reasonable evidence of negligence, but when the thing causing the injury is shown to be under

the control of a defendant, and the accident is such as in the ordinary course of business does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part." And as said in *Millie* v. *Manhattan Ry. Co.* (5 Misc. Rep. 301): "Since every man is presumed to discharge his duty, it results that whoever asserts negligence of another must prove the fact, and must prove it by a preponderance of evidence. But there are cases in which the maxim *res ipsa loquitur* applies — that is to say, in which the very occurrence itself imports negligence. The specific question here is whether the occurrence in controversy carries with it an imputation of negligence against the defendant with the effect of imposing upon the defendant the burden of repelling this *prima facie* presumption of negligence." So here we might ask whether the happening of this accident does not carry with it an imputation of negligence, it being self-evident that if the wires had been properly insulated it would not have occurred, and it being equally clear that with the exercise of ordinary care defective insulation could be avoided. It is unnecessary for us, however, to decide that the rule of *res ipsa loquitur* applies — and we do not, therefore, put our decision on this ground — because, as we have already pointed out, the plaintiff assumed the burden of establishing the negligence of the defendant, and in that connection presented evidence from which the jury properly could infer that the position and manner of construction of the wiring and electrical converter were improper, and that in five places the wire was imperfectly insulated and bore evidence of having been in that condition for some time. If, therefore, we apply the rule most favorable to the defendant, that, "in order that liability shall attach for an injury occasioned by something not inherently dangerous and defective, which is found upon the grounds of or in use by one who is under a qualified obligation to the injured person, it must be shown that the defendant either knew, or that by the exercise of such reasonable skill, vigilance and sagacity as are ordinarily possessed and employed by persons experienced in the particular business to which the thing pertains, he should have known of its defective and dangerous condition, and that the natural and probable consequence

of its use would be to produce injury to some one," then, under this rule, we think, a case was made out for the jury.

The only other ground relied upon by the defendant is, that the plaintiff, by his own negligence, contributed to the injury. The question having been submitted to the jury under proper instructions, and there being ample evidence to sustain their finding thereupon in plaintiff's favor, we should not interfere with the verdict reached.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.