DENNIS J. GRIFFIN *vs.* UNITED ELECTRIC LIGHT COMPANY.

Hampden.     September 25, 1895. — October 19, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.:

*Personal Injuries — Electric Wire uninsulated — Law and Fact — Due Care — Negligence.*

If a tinsmith, who, while engaged in placing an iron conductor on a building upon the side of which an electric wire runs, is injured by receiving a shock from the wire by reason of the pipe coming in contact with a place on the wire where the insulating material has become worn off, it cannot be said, as matter of law, in an action for his injury, that the condition of the wire was so apparent that he must or ought to have seen it, although the accident happened in the forenoon; but if there is evidence that he was not an expert, and did not know that an electric light wire would do any hurt, or that such wires ran on the sides of buildings, the question of his due care is for the jury.

If the insulation of an electric wire placed on premises by an electric light company is gone, and the wire has been in that condition for such a length of time that the company ought to have known of it, there is evidence of its negligence proper to be submitted to the jury in an action for injuries caused by the wire to a person rightfully using the premises for purposes of business.

LATHROP, J. This is an action of tort for personal injuries sustained by the plaintiff by receiving an electrical shock from a wire of the defendant company. The plaintiff was a tinsmith, and was at work with a fellow servant placing a galvanized iron conductor on the rear of a building called the American House. He was upon the ground and his fellow servant was on a lad-

der near the roof of the building, which was about twenty-two feet from the ground. The wire from which the plaintiff received the shock ran along the wall of another building until it reached a point about two feet from a corner formed by this building with the American House, and then ran diagonally across the corner to the wall of the American House at a point eight or ten feet from the same corner, where it entered a square iron block attached to the wall of the American House. This wire was about twelve feet from the ground. Six or eight inches higher than this wire, and about eight inches nearer to the building, another wire ran along and went into the same box. The conductor was to be placed in the corner formed by the two buildings, for the purpose of carrying off water from a gutter under the eaves of the American House.

We are of opinion that there was evidence for the jury that the plaintiff was in the exercise of due care. The jury might well have found, on the evidence, that the injury was caused by the pipe coming in contact with a place on the wire where the insulating material had become worn off. It cannot be said, as matter of law, that this condition was so apparent to the plaintiff that he must have seen it, or ought to have seen it, although the accident happened in the forenoon. While an expert may consider it dangerous to touch any wire, unless he knows it to be a harmless one, there was evidence that the plaintiff was not an expert, and did not know that an electric light wire would do any hurt, or that electric light wires ran on the sides of buildings. The question of his due care was for the jury. *Illingsworth* v. *Boston Electric Light Co.* 161 Mass. 583, 588.

We are of opinion also that there was evidence of the defendant's negligence proper to be considered by the jury. There was certainly evidence that the insulation of the wire was gone, and its condition was such that the jury might have found from the description given of it by the witnesses that it had been in that condition for such a length of time that the defendant ought to have known of it. The plaintiff was not a trespasser or a mere licensee, who must take the premises of another as he finds them. He was rightfully on the premises for purposes of business. On these premises the defendant had rightly placed, as the case finds, two electric wires. These were

a source of danger unless properly insulated. This fact was recognized by the defendant by insulating them. But it was negligent if it failed to use reasonable diligence in seeing that its wires were kept in a state of repair. This duty it owed at least to every person who, for purposes of business, was rightfully upon the premises. What its duty was in this respect as to other persons we have no occasion to inquire. See *Illings-worth* v. *Boston Electric Light Co.*, *ubi supra*.

The ruling of the justice of the Superior Court in favor of the defendant is stated, in the report upon which the case comes before us, to be based upon the case of *Hector* v. *Boston Electric Light Co.* 161 Mass. 558. But that case differs essentially from the one before us. There a lineman of a telegraph and telephone company was sent to attach a wire to a standard owned by the defendant on the roof of a building numbered 45 Temple Place in Boston. Instead of entering this building and going out upon the roof, he went up through the building numbered 29 Temple Place, passed over the roofs of several intervening buildings until he came to the roof of No. 41, which was next to, but higher than, the roof of No. 45. A bunch of wires ran from the standard on No. 45 over a small portion of the roof of No. 41. The plaintiff stooped under these wires to see how he could get on to the roof of No. 45, and was injured by reason of the insulation being worn off from one of these wires. The case was decided in favor of the defendant, upon the ground that the defendant owed no duty to the plaintiff to maintain an effectual insulation of its wires over other buildings than that on which its standard was placed, which was the only place to which the telegraph and telephone company sent the plaintiff, or where he had a right to be. In the case at bar, the plaintiff was rightfully where he was when injured. The question of the defendant's negligence was for the jury.

By the terms of the report, the order must be,

*Case to stand for trial.*

*J. B. Carroll*, for the plaintiff.

*W. H. Brooks*, (*W. Hamilton* with him,) for the defendant.