## 17735. ROME RAILWAY AND LIGHT COMPANY v. JONES.

STEPHENS, J. 1. This being a suit to recover damages for the homicide of the plaintiff's husband, alleged to have resulted from his having come in contact with a current of electricity transmitted from defectively insulated overhead wires maintained by the defendant light company through a ,cable attached to a derrick, at the end of which cable the husband was engaged in disconnecting steel beams which were being swung from one place to another by the derrick, and it being alleged that his death resulted from the negligence of the defendant in maintaining the wires in a defectively insulated condition in close proximity to the derrick, which was operated by an independent agency, and which swung around and came in contact with the wires, and the court, in the charge to the jury, having clearly instructed them that the suit was predicated upon the alleged negligence of the defendant in maintaining the wires in the alleged defective condition, the charge of the court that before the plaintiff could recover it must appear that the defendant light company was negligent, and that such negligence "was the direct and proximate cause of the death of said deceased, or that if the death of the deceased was caused by a separate, independent agency, that that agency could have reasonably been anticipated or foreseen by the defendant," is not subject to the objection that the jury was thereby instructed that there could be a recovery against the defendant in the absence of any negligence upon its part, provided the defendant could have reasonably anticipated or foreseen that the derrick would come in contact with the defendant's wires.

2. Although the derrick, when first set up and put into operation, was at a safe distance from the defendant's charged wires, yet where it was, with the knowledge of the defendant, being operated in moving from one place to another heavy steel beams, which were being used in the construction of a large building in proximity to the defendant's wires, the defendant might reasonably have anticipated that the derrick might, in the course of the work in which it was employed, be moved from place to place and would come in closer and more dangerous proximity to the defendant's wires, and that a derrick having a longer boom might be used, thus increasing the danger and probability of the derrick's coming in contact with the defendant's wires. The fact that when the derrick was first located at a safe distance from the defendant's wires the person in charge of the operation of the derrick, which was being operated by an agency independent of the defendant, promised to notify the defendant of any changed conditions in the operation of the derrick, which would render the proximity of the defendant's wires dangerous to the workmen operating the derrick, would not relieve the defendant of the duty to anticipate that this notice might not be given, and that

Death, 17 C. J. p. 1313, n. 66; p. 1314, n. 75.

Electricity, 20 C. J. p. 341, n. 68; p. 345, n. 7; p. 346, n. 11; p. 355, n. 87, 88; p. 367, n. 9; p. 370, n. 18, 22; p. 371, n. 24, 25; p. 386, n. 49; p. 387, n. 54; p. 388, n. 56; p. 395, n. 1; p. 397, n. 6.

Trial, 38 Cyc. p. 1711, n. 19.

the conditions under which the derrick was operated might be changed and rendered more hazardous without notice to the defendant.

3. The court clearly instructed the jury that the plaintiff could not recover if her husband failed to exercise ordinary care to prevent his death, or if he failed to exercise ordinary care to avoid the consequences of the defendant's negligence.

4. The court having clearly instructed the jury that the plaintiff was suing for the value of her husband's life, and having also fully and properly instructed the jury upon the use of the mortality tables and how to arrive at the value of her husband's life, the charge is not subject to the exception that the court failed to instruct the jury as to the measure of damages recoverable.

5. The charge, fairly to the defendant, submitted to the jury the contentions of both parties and the issues presented under the pleadings and the evidence.

6. The court did not err in refusing to give in charge the special instruction requested in writing by the defendant, as the matters contained therein which were pertinent and applicable to the issues presented were covered by the charge given.

7. The evidence does not demand the inference that the negligence of those operating the derrick was the proximate cause of the death of the plaintiff's husband, but authorizes the inference that his death proximately resulted from the negligence of the defendant. The verdict for the plaintiff was authorized and no error of law appears.

8. See *Rome Railway & Light Co.* v. *Jones*, 33 *Ga. App.* 617 (127 S. E. 786).       *Judgment affirmed. Jenkins, P. J., and Bell, J.; concur.*

DECIDED SEPTEMBER 30, 1927.

Damages; from Floyd superior court—Judge Maddox.   October 14, 1926.

Application for certiorari was made to the Supreme Court.

*L. A. Dean, Lamar Camp, G. E. Maddox,* for plaintiff in error.

*Willingham, Wright & Covington, Porter & Mebane,* contra.