## 18812. CITY OF ALBANY v. JAMES.

STEPHENS, J. 1. A person is under a duty so to use his own property as not to injure another. Sic utere tuo ut alienum non lædas. One who maintains dangerously and highly electrically charged wires on his own premises, in such close proximity to the adjoining premises of another as to render the wires so charged dangerous to persons occupying and enjoying the latter premises, is under a duty to exercise due care to render the wires safe to persons on the adjoining premises who are likely to come in contact with the wires. This duty is owing to a person lawfully on the adjoining premises, although he may be employed and working there in close proximity to the wires as a servant in the employ of an independent contractor who only owes him the duty to furnish him a safe place to work. This case is distinguishable from the case of *Central of Georgia Railway Co.* v. *Lawley*, 33 *Ga. App.* 375 (126 S. E. 273). In that case the defendant's dangerously charged wires were not maintained in dangerous proximity to another's property, but the person injured by coming in contact with the wires, had come upon the defendant's premises, and, in the prosecution of construction work under an independent contractor, had come into dangerous proximity to the wires and was injured. It was there held that the defendant was not negligent, since the wires had not been erected and installed in an originally unsafe and improper manner, and since the dangerous proximity to the wires arose by reason of the conditions created by the workmen themselves during the progress of the work as directed by the independent contractor, and that the defendant did not know, and could not have anticipated, that the independent contractor did not, or would not, know of the danger, and had failed, or would fail, to warn the injured workmen thereof.

2. Where a city maintains in one of its public alleys dangerously and highly electrically charged wires within twelve or fifteen inches of the premises of another, upon which a building is being erected close up to the property line abutting on the alley, upon which workmen are engaged in the construction of the building, with the knowledge of the city, although working under an independent contractor, the city is under a duty to these workmen to exercise due care to maintain the wires in a safe condition as respects insulation or otherwise, so as to prevent injury to the workmen, who in the progress of the work are likely to become injured by coming in contact with the wires. *Rome Railway & Light Co.* v. *Jones*, 33 *Ga. App.* 617' (127 S. E. 786); *Rome Railway & Light Co.* v. *Jones*, 37 *Ga. App.* 244 (139 S. E. 579); Illingsworth v. Boston Light Co., 161 Mass. 583 (37 N. E. 778, 25 L. R. A. 552); Griffin v. United Electric Light Co., 164 Mass. 492 (41 N. E. 675, 32 L. R. A. 400, 49 Am. St. R. 477); Stevens v. United Gas & Electric Co., 73 N. H. 159 (60 Atl. 848, 70 L. R. A. 119); Perham v. Portland Electric Co., 33 Ore. 451 (6) (53 Pac. 14, 40 L. R. A. 799, 72 Am. St. R. 730).

3. The petition set out a cause of action, and the court properly overruled the demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1929.

380

*Milner & Farkas,* for plaintiff in error.
*Bennet & Peacock,* contra.