HOLLAND FURNACE COMPANY *v.* NAURACAJ ET AL.

[No. 15,685. Filed April 19, 1938. Rehearing denied June 1, 1938. Transfer denied September 30, 1938.]

*Louis M. Hammerschmidt, Milton A. Johnson, Ralph E. Allen* and *Ernest Merrich Hawkins,* for appellant.

576

*Norton & Norton* and *Frazer & Isham,* for appellees.

LAYMON, C. J.—Appellee Sophia Nauracaj instituted this action against appellant and appellee Brecka to recover damages alleged to have resulted from the negligence of appellant in the installation of a furnace on her property, pursuant to a written contract entered into by appellant with appellee Brecka, who was, at the time, a tenant of appellee Nauracaj and in possession of the premises where the furnace was installed. The amended complaint was in one paragraph. Appellant unsuccessfully demurrer to this complaint for insufficient facts and reserved an exception to the ruling of the court. Appellant then filed an answer in three paragraphs, the first a general denial, the second alleging in substance that appellee Nauracaj was not in possession or entitled to the possession of the premises during the period in which the furnace was installed, and the third alleging that all entries by appellant on the premises were with the consent and permission of appellee Brecka, while Brecka was in possession of the premises as tenant of appellee Nauracaj. The issues were closed by a reply in general denial. Before the trial of the cause appellee Nauracaj filed ten interrogatories to be answered by appellant under oath. A motion filed by appellant to strike out these interrogatories was overruled, and the interrogatories were then answered. The cause was tried by a jury which returned a general verdict in favor of appellee Brecka and against appellant, assessing damages in favor of appellee Nauracaj in the sum of $5,000, together with answers to interrogatories. Judgment was entered in accordance with the general verdict. In due time appellant filed its motion for a new trial which was overruled, and this appeal followed. Appellant assigns as error for reversal: (1) Alleged error in overruling the demurrer to the complaint; (2) alleged error in overruling the motion to strike out the

interrogatories; (3) alleged error in overruling the motion for a new trial. The causes for a new trial presented by appellant's brief are: Error of the court in the giving of each of the instructions upon its own motion, error in the admission and exclusion of certain evidence, and error in refusing to direct a verdict.

That part of the complaint necessary to dispose of the objections urged by the demurrer is substantially as follows: That on the 12th day of September, 1928, appellee Nauracaj was the owner of certain real estate situated in East Chicago, Indiana; that on said date she leased the premises to appellee Brecka to be used as a dancing pavilion and roller skating rink, and appellee Brecka entered into possession thereof; that appellant, Holland Furnace Company, is a corporation engaged in the sale and installation and furnishing of its furnaces in homes and buildings, said furnaces being used for heating purposes; that on or about October 3, 1928, appellant and appellee Brecka, without the consent of and against the direct order and prohibition of appellee Nauracaj, planned to install a furnace on said premises, and did install said furnace in appellee Nauracaj's building situated upon appellee Nauracaj's real estate; that said real estate was within the corporate limits of the city of East Chicago; that the appellant and appellee Brecka, in so doing, wantonly and recklessly, and against the express order of appellee Nauracaj, and without her consent, ignored and violated the building ordinances of the city of East Chicago and its municipal code, and section 248 of said municipal code; that the appellant and appellee Brecka did then and there, without any care whatever, and without any lawful right, and with wanton, reckless negligence, install a metal furnace less than 10 inches from unprotected woodwork in said building; that they then proceeded, without any knowledge or notice to the owner, and against her express order, to

build a fire in said furnace; that as a result of their unlawful, careless, and negligent acts the woodwork and building caught fire, burning a large hole in the floor and the adjoining timbers and supports; that said fire was finally extinguished, whereupon appellee Nauracaj demanded that said furnace be removed from her building; that immediately thereafter appellant and appellee Brecka proceeded to reinstall said furnace in said building; that the acts of said appellant and appellee Brecka were unlawful and were performed wantonly, recklessly, without any regard to appellee Nauracaj's rights in her property, they knowing that the result of their placing of the said furnace in said building and permitting fire therein would be disastrous to said building and against appellee Nauracaj's rights as the owner of said building, and that said building very probably would be damaged or burned entirely by the placing of said furnace therein in the manner and style contemplated by appellant and appellee Brecka; that appellant and appellee Brecka, in the installation and placing of said furnace in the building, violated the provision of section 248 of the municipal code of said city of East Chicago which provided that all furnaces shall be placed on a foundation of brick or stone, by installing said furnace without placing it upon a foundation of brick or stone, without placing it at least 10 inches away from combustible wood material, and without protecting the wooden materials of the building, so as to prevent the same from igniting and burning; that said furnace was installed upon a wooden stage in said building; that around the furnace, and as a part of the furnace, was placed a metal covering; that appellant and appellee Brecka failed to provide sufficient open space at the bottom of said covering and adequate out conveyance to allow the air to conduct the generated heat upward and out over the top thereof, so that when a

fire was built therein, the heat from said furnace became so intense in the space between the furnace and the covering, both above and below, that the wooden flooring, timbers, and wood constituting said stage, and the parts of the building near said furnace, became ignited and caught fire and burned, spreading through all parts of said building, by reason of which the building was damaged to the extent as defined by the allegations of the complaint; that all of said damages were sustained as the result and were proximately caused on account of and by the unlawful, wanton, reckless, careless, and negligent acts of the appellant and appellee Brecka, and each of them, in placing said furnace as aforesaid, in building a fire therein, and in permitting fire to be built therein as aforesaid, all against the appellee Nauracaj's orders and her prohibition; that appellee Nauracaj did not consent to any of said acts or contribute in any way to the damage of her said property.

Appellant's objections to the complaint, as disclosed by the memorandum attached to its demurrer, are: (1) It does not disclose such a relation between appellee Nauracaj and appellant that the latter will be answerable in damages to the former for the injuries complained of. That is, the complaint does not allege any contractual relation existing between appellee Nauracaj and appellant. It does not disclose any privity of contract. It does not allege the breach of any duty owing by appellant to appellee Nauracaj. (2) The complaint does not disclose that the negligence of appellant was the proximate cause of the injury.

In support of the proposition asserted by appellant in its memorandum, that appellant owed no duty to appellee Nauracaj because of no privity of contract between them, appellant urges the application of the general rule, that, "Where an independent contractor is

employed to construct or install any given work or instrumentality, and has done the same and it has been accepted by the employer and the contractor discharged, he is no longer liable to third persons for injuries received as a result of defective construction or installation."

The above rule is supported by numerous decisions, including those of our own state, and is approved by all of the text writers. Wharton, Neg. 368; Moll, Ind. Contractors, Sec. 177, p. 291. See also, sec. 44, Vol. 20, R. C. L., p. 49; sec. 22, 45 C. J. p. 649; *Daugherty* v. *Herzog* (1896), 145 Ind. 255, 44 N. E. 457.

It is broadly true that where the charge of negligence is based upon a breach of duty arising out of contractual relations, no cause of action arises in favor of one not in privity to such contract. As well settled and as authoritative as the general rule itself are certain exceptions. Such exceptions arise where one has, by sale or otherwise, put into circulation, so to speak, some noxious or imminently dangerous thing which is likely to cause serious injury to any person into whose hands it may come, including poisons not labeled, explosives, vicious animals, etc. These exceptions apply, not only to sales of personalty, but to the construction of structures imminently dangerous to human life, while such structure is within the possession and control of the wrongdoer. If the thing sold or constructed be not imminently dangerous to human life, but may become such by reason of some concealed defect, then a liability may arise against such vendor or constructor if he knew of the defect and fraudulently concealed it. *Travis, Admx.* v. *Rochester Bridge Co.* (1919), 188 Ind. 79, 122 N. E. 1; *Laudeman* v. *Russell & Co.* (1910), 46 Ind. App. 32, 91 N. E. 822. There is, however, another recognized exception, viz.: A contractor continues liable where the work is turned over

by him in a manner so negligently defective as to be imminently dangerous to third persons. Moll, Ind. Contractors, sec. 228, p. 348; sec. 42, 14 R. C. L., p. 107; 29 Cyc. 484; 16 A and E Ency. L. 209; Wharton, Neg., sec. 438; 1 Thompson, Neg., sec. 686; *Berg* v. *Otis Elevator Co.* (1924), 64 Utah 518, 231 Pac. 832; *Pennsylvania Steel Co.* v. *Elmore & Hamilton Co.* (1909), 175 Fed. 176.

We also recognize this latter exception to the general rule to have some limitations when applied to public contracts, as was pointed out by our Supreme Court in the case of *Travis, Admx.* v. *Rochester Bridge Co.*, *supra,* but such limitations have no application here, as the question does not involve a public contract.

In the case of *Peru Heating Co.* v. *Lenhart* (1911), 48 Ind. App. 319, 95 N. E. 680, this court had before it a similar question to that presented in the instant case. It appeared by the allegations of the complaint that appellee Brownell was the owner of a three-story brick building. The plaintiffs were partners in the retail furniture and undertaking business and occupied rooms on the ground floor in said building under a lease from the owner. The defendant heating company was the owner of a heating plant and furnished heat to consumers in the city by a system of pipes extending from its central plant to the various business houses. One of the rooms occupied by plaintiffs was filled with undertaking goods. Immediately above this room was a suite of office rooms. The heating company, under a contract with the owner, installed in the building, except in the rooms used by the plaintiffs, a system of pipes and radiators for heating purposes. The heat was brought into the basement by an inflow pipe, and the return circuit was by an outflow main in the basement. The radiators were connected with the pipes and mains in the basement. In the fall of the year the heating company caused the hot

water to be turned into the building, including the room immediately above plaintiffs' undertaking establishment. Subsequently the heating company undertook to cut off the hot water and to remove the heat from the office rooms immediately over plaintiffs, and in so doing, carelessly and negligently shut off the entire circulation of water in said rooms through the pipes, and carelessly neglected to drain the water from said pipes in said rooms, thereby creating a "dead end" in said pipe, in which water collected and could not pass out. The water so collected was carelessly and negligently allowed to remain at the time and season of the year when, as the defendants well knew, it was liable to freeze and burst the pipes, and no means were provided to prevent the freezing and bursting of said pipes. In the month of February, the water standing in said pipes froze, and the pipes burst at or near the valve where the water was negligently and carelessly cut off. By reason of the freezing of the water and the bursting of the pipes, a large quantity of water was forced therefrom, and was precipitated into the room used by the plaintiffs for their undertaking business. In disposing of the claimed error upon the ruling of the demurrer addressed to the complaint for insufficient facts, wherein it was contended that the complaint did not disclose such a relation between appellees (plaintiffs below) and the heating company, that the latter would be answerable in damages to the former for the injuries complained of, this court said (p. 325) :

"It is not necessary that a contractual relation exist between the wrongdoer and the party injured by the wrong, in order that such party may have redress for the injury and damage resulting from the wrong done. [Citing cases.] . . . (p. 327). We think that it would hardly be contended that if appellant [heating company] in turning on the heat to supply the tenants, should, by its carelessness and negligence in such act, permit the escape of the

water, to the injury and damage of rightful and legal occupants of the building, it would not be liable therefor. . . . (p. 328). Appellant had in its possession and was selling to the public, an agency that was very dangerous unless properly regulated and controlled, and it owed not only to its patrons in the buildings where it supplied said agency, but to all legal and rightful occupants of such buildings, the duty of using care commensurate with the danger to which it exposed the persons or property of the occupants of such buildings so supplied with such agency. *Ennis* v. *Gray, supra* [(1895), 87 Hun (N. Y.) 355, 34 N. Y. Supp. 379]; *Clements* v. *Louisiana Electric Light Co.* (1892), 44 La. Ann. 692, 11 South. 51, 32 Am. St. 348, 16 L. R. A. 43; *Giraudi* v. *Electric Improvement Co.* (1895), 107 Cal. 120, 40 Pac. 108, 48 Am. St. 114, 28 L. R. A. 596; *Griffin* v. *United Electric Light Co.* (1895), 164 Mass. 492, 41 N. E. 675, 49 Am. St. 477, 32 L. R. A. 400; *Hebert* v. *Lake Charles Ice, etc., Co.* (1904), 111 La. 522, 35 South. 731, 100 Am. St. 505, 64 L. R. A. 101."

The court concluded that, under the authorities cited, the allegations of the complaint showed that the heating company was so situated with reference to the plaintiffs that it owed them the duty of exercising such care in turning off said hot-water heat that no injury might result to them from such act; that it violated this duty, and the damage resulted to the plaintiffs by reason thereof. In such case, the heating company was liable under the law.

In the case of *Colbert* v. *Holland Furnace Co.* (1926), 241 Ill. App. 583, the furnace company appealed from a judgment awarding damages to Colbert, compensating her for personal injuries received from a fall resulting from the giving way of a support to grating installed with a furnace in her home. The furnace was installed pursuant to a written contract entered into by and between the furnace company and her husband. It was urged as a ground for reversal that the furnace company owed no duty to plaintiff, because of no privity of

contract between them, and the court was asked to invoke the general rule. The court of appeals said (p. 587) : "Whether the instant case comes within any of the exceptions depends upon the following state of facts pertaining to the construction, which the evidence tends to support." A résumé of the evidence as disclosed by the record was then set forth. The court further said (p. 589) : "But the facts here would seem to come within the doctrine and exception stated as follows in 29 Cyc. p. 484: 'One who supplies a thing for such use by others that it is obvious that any defect will be likely to result in injury to those so using it is liable to any person who, using it properly for the purpose for which it is supplied, is injured by its defective condition.' " The court reviewed a number of cases analogous to the facts there presented and concluded that the finding of the jury fixing liability against the furnace company was sustained, both in fact and in law.

Appellant further insists that the complaint fails to disclose that the negligence of the appellant in the installation of the furnace was the proximate cause of the injury. In this contention we cannot agree. The complaint alleged facts which disclosed that the damages sustained were proximately caused by the negligent acts of appellant and appellee Brecka in the installation of the furnace. We conclude that the court did not err in overruling the demurrer.

Appellant complains of the overruling of its motion to strike out each of the interrogatories filed, which appellant was required to answer under oath before trial, upon the ground that they were not pertinent to the issues. Appellant has not attempted to show how and in what manner it was harmed thereby, nor, having examined them, can we perceive any harm resulting from the action of the trial court in refusing to strike.

Criticism is made of Instruction No. 16 given by the court upon its own motion, because it did not limit the amount of recovery to the loss appellee Nauracaj had suffered. The instruction informed the jury that the measure of damages was the difference between the fair cash value of the building immediately before and such value immediately after the fire. Appellant contends that this was not the correct measure of damages in view of the fact that appellee Brecka had a lease on the building and that appellee Nauracaj could collect rent from Brecka for the full term of the lease, notwithstanding the fact that the building was destroyed. The objection urged is that the instruction was incomplete. Appellant tendered no instruction on damages, and in order to avail itself of any error in the giving of an incomplete instruction, appellant must have tendered one which supplied the omission and have excepted to the court's refusal to give the tendered instruction. *Murray* v. *Cottrell* (1923), 80 Ind. App. 521, 141 N. E. 524.

Appellant complains of error in the admission into evidence of a certified copy of the original bill of complaint in another case between appellant and appellee Brecka. The record discloses that appellant's objection was sustained, and it follows that there was no error of which appellant could complain.

Complaint is also made of the action of the trial court in refusing to admit Exhibits N and O, purporting to be photographs of the furnace in controversy after it had been removed from the building after the fire and reinstalled in the basement of the home of one Spornik. The furnace as subsequently installed appeared to be somewhat different than it was when in appellee Nauracaj's building, and the photographs could therefore throw no light upon any of the issues. It was not error to exclude them.

Appellant has complained of error in each of the nineteen instructions given by the court upon its own motion. A careful consideration of these instructions does not disclose any reversible error.

Appellant further complains that the trial court erred in refusing to direct a verdict, because of lack of any evidence disclosing privity of contract between appellee Nauracaj and the appellant, and that there was no evidence of proximate cause. While it is true that the contract for the installation of the furnace was between appellee Brecka and appellant, and that appellee Nauracaj was not a party thereto and had no contractual relation with appellant, that the contract was completed and the work accepted by appellee Brecka before the damage occurred, nevertheless, it appears that appellant was by contract required to, and did, install an instrumentality, the use of which, in the ordinary and usual manner as installed, was imminently dangerous. Applying the facts here to the principles of law announced in the foregoing authorities, appellant owed a duty, not only to appellee Brecka, but to appellee Nauracaj, as owner of the property, to use care commensurate with the danger to which the agency exposed the person or property of both appellees. There is some evidence tending to show that the furnace was negligently installed by appellant's agents in such a manner that it would likely, as a natural consequence, cause injury to appellee Nauracaj's property. The acts and knowledge of appellant's agents must be imputed to the corporation. It appears that after the first installation of the furnace by appellant a fire did occur by reason of the manner in which the furnace was installed, that appellant's agents were called and assisted in extinguishing the fire, and then set about immediately in reinstalling the furnace. We think that there was evidence before the jury from which it could reasonably

find that the furnace was installed in such a place and manner that the person or persons installing it would have anticipated that it might become dangerous to those who were to use it. The evidence upon the issue of proximate cause was largely circumstantial in character, but in our judgment was sufficient to warrant the jury in their conclusion that the negligence of appellant was the proximate cause of the injury. There being some evidence upon each and every material phase of the case, the trial court did not err in refusing to direct a verdict in favor of appellant.

We find no reversible error. Judgment affirmed.