**Jerry D. GILLAM, by his father and next friend, Lester D. Gillam, Plaintiff,**

v.

**J. C. PENNEY COMPANY, Westinghouse Electric Corporation, Defendants.**

**Lester GILLAM, Plaintiff,**

v.

**J. C. PENNEY COMPANY, Westinghouse Electric Corporation, Defendants.**

Nos. IP 60-C-322, 60-C-323.

United States District Court
S. D. Indiana,
Indianapolis Division.

May 3, 1961.

Lewis, Weiland, Payne & Carvey, Indianapolis, Ind., for plaintiff.

Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., for J. C. Penney Co.

Ross, McCord, Ice & Miller, Indianapolis, Ind., for Westinghouse Electric Corp.

STECKLER, Chief Judge.

These are actions arising out of personal injuries sustained by Jerry D. Gillam, a minor, on an escalator in J. C. Penney Company's retail store on Monument Circle in the City of Indianapolis. It is alleged, among other things, that Westinghouse Electric Corporation installed and undertook to maintain, service, inspect and repair said escalator. Defendant, J. C. Penney Company, has answered in admission and denial and

has filed a cross-complaint against Westinghouse based on common law and contractual indemnity.

There are two matters pending for decision: the petition of Westinghouse for an extension of time to answer the cross-complaints until 10 days after the court has ruled on its motion to dismiss; and the motion of Westinghouse to dismiss for lack of privity of contract between the plaintiffs and Westinghouse. Westinghouse contends that if its motion to dismiss is sustained, it will no longer be a party to the actions, and the cross-complaints would be moot.

Defendant J. C. Penney Company argues that since independent jurisdictional grounds are alleged, the cross-complaints would stay in the case even though the plaintiffs' actions against Westinghouse were dismissed.

■ The case cited by J. C. Penney Company [Pierce v. Perlite Aggregates, Inc., D.C.N.D.Cal.1952, 110 F.Supp. 684] and 3 Moore, Fed.Prac., ¶ 13.36, p. 98, support the proposition that if a cross-complaint is supported by independent jurisdictional grounds, dismissal of the complaint does not necessarily carry with it dismissal of the cross-complaint. However, here there is no controversy between J. C. Penney Company and Westinghouse apart from the injuries alleged in the complaints. Thus, if Westinghouse is dismissed, the cross-complaint could stand only as a third-party complaint.

There is no privity of contract as between Westinghouse and the plaintiffs. Thus, the question presented is whether in view of the circumstances alleged, there exists here an exception to the privity requirements as recognized by the Indiana courts. The court thinks such an exception does exist.

An annotation in 74 A.L.R.2d 1111, at page 1212, 1960, summarizes the Indiana law as follows:

"Various exceptions to the privity requirement are recognized by the Indiana courts: the exception drawn in the case of unwholesome products designed for human consumption, the imminently dangerous product exception, and the inherently dangerous product exception. But the requirement has continued applicability in that jurisdiction."

The author of the A.L.R. annotation cites Gahimer v. Virginia-Carolina Chemical Corporation, 7 Cir., 1957, 241 F.2d 836, in support of the latter statement. The Gahimer case was limited to negligence in *manufacture,* and specifically distinguished two Indiana cases allowing recovery without privity on the ground that they involved negligence in maintenance and installation, rather than in manufacturing. In one of these cases, Holland Furnace Co. v. Nauracaj, 1938, 105 Ind.App. 574, 14 N.E.2d 339 which cites and relies on the other and earlier case of Peru Heating Company v. Lenhart, 1911, 48 Ind.App. 319, 95 N.E. 680, the court upheld the right of a landlord to recover from a contractor who had negligently installed a furnace on plaintiff's property pursuant to contract with the tenant. The court at page 342 of 14 N.E.2d recognized the following exception to the general rule of privity:

"A contractor continues liable where the work is turned over by him in a manner so negligently defective as to be imminently dangerous to third persons."

The court held defendant was liable, regardless of lack of privity of contract, since "it appears that appellant was by contract required to, and did, install an instrumentality, the use of which, in the ordinary and usual manner *as installed,* was imminently dangerous." (Emphasis supplied.) Holland Furnace Co. v. Nauracaj, supra, 14 N.E.2d at page 345.

■ The present case is even stronger than Nauracaj, for there the contractor had turned over the work to the tenant, whereas here the contractor (Westinghouse) continued to maintain, service and inspect the esca-

lator. And in this respect this case goes beyond the ordinary case involving merely alleged negligence in the manufacture and sale of a product. We have here allegations of negligence in the manner in which an escalator was installed, serviced and maintained. In other words, here we have an installer and repairer of an instrumentality for public use. In Dahms v. General Elevator Co., 1932, 214 Cal. 733, 7 P.2d 1013, the court was confronted with a similar case involving an elevator. In that case the defendant was under contract with a building owner to keep elevators in repair and to do all necessary work for the safety and maintenance of the elevators, and to make periodic inspections of the elevator equipment and machinery. Plaintiff, an employee of the building owner, was injured when an elevator fell as a result of negligence in the maintenance and inspection of the elevator machinery and equipment. Lack of privity as between the elevator company and the plaintiff was asserted in defense of the claim. The court recognized the following exception to the general rule requiring privity of contract:

"One exception to the general rule is that the manufacturer or vendor is liable to third persons when at the time of the injury he retains some control over the article or appliance causing the injury." Id. 7 P.2d at page 1015.

The Gahimer case, supra, was expressly limited to negligence by manufacture. This is not a case of alleged negligence by manufacture, and the court is of the view that the Nauracaj case, supra, is ample support for holding that Indiana law does not require privity of contract in a situation such as alleged in the complaint.

Accordingly, the motion to dismiss the complaints is overruled and the petition to extend the time within which to answer or otherwise plead to the cross-complaint of J. C. Penney Company is hereby granted.